**Michael L. MARTIN, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 3–785A177.**

Court of Appeals of Indiana, Third District.

Feb. 13, 1986.

Rehearing Denied March 31, 1986.

Jere L. Humphrey, Kizer, Neu, Joyce, Wyland, Humphrey, Wagner & Gifford, Plymouth, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Defendant-appellant Michael L. Martin, appeals his convictions for failure to appear,[1] escape,[2] and two counts of arson.[3]

The facts relevant to this appeal disclose that Martin was charged with two counts of arson and arrested on July 4, 1982. While only one dwelling was involved, Martin was charged with damaging the property of Sherma Martin, his wife, and the property of Sherma Martin and the State Exchange Bank, presumably the mortgage holder.

Martin failed to appear at his first jury trial, scheduled for May 24, 1983. On May 25, 1983, Martin was charged with failure to appear. Martin was arrested and placed in the Marshall County Jail on September 23, 1983. Martin escaped from the jail on November 25, 1983. A few weeks later, Martin was charged with escape.

Upon Martin's return to Indiana in October 1984, the court, *sua sponte,* joined for trial the arsons, the failure to appear and the escape charges. Defense counsel timely objected to the joinder. After a trial by jury, on January 16, 1985, Martin was convicted of all four charges and this appeal ensued.

Martin raises three issues on appeal. As restated, the issues are:

(1) whether the trial court erred by joining the four offenses for trial;

(2) whether the allegations contained within the two-count arson indictment supported two separate offenses; and

(3) whether the trial court erred in refusing to discharge Martin under Ind. Rules of Procedure, Criminal Rule 4(B).

In his first issue, Martin directs this Court's attention to the statutes governing joinder of criminal offenses, and the cases of *Butrum v. State* (1984), Ind., 469 N.E.2d 1174 and *Harmer v. State* (1983), Ind., 455 N.E.2d 1139. IND.CODE § 35–34–1–10(b) allows a trial court, on its own motion, to join two or more indictments or informations for trial if the "offenses could have been joined in the same indictment or information under section 9(a)(2) of this chapter...." IND.CODE § 35–34–1–9(a)(2) allows the joining of two or more offenses in the same indictment or information if they "are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan."

Here, the cases noted by Martin are instructive. Both cases concern the issue of whether an escape charge and the offense for which the defendant was incarcerated

---

1. IND.CODE § 35–44–3–6.

2. IND.CODE § 35–44–3–5.

3. IND.CODE § 35–43–1–1.

at the time of the escape were separate and unrelated offenses under the habitual criminal statute.[4] The Court in *Butrum* stated:

"We held in [Harmer] that the act of escape was an act separate and unrelated to the acts which constituted the offense for which [the defendant] had been incarcerated originally."

469 N.E.2d at 1178.

It therefore follows that if the offenses are unrelated for purposes of the habitual offender statute, they are also unrelated for purposes of joinder. Consequently, the cause must be remanded for separate trials.

 Next, Martin contends that he could not properly be charged with two counts of arson. Only one dwelling, which was either owned entirely by Sherma Martin, or which was owned by Sherma Martin with a mortgage held by the bank, was involved. The evidence supports only one count of arson. *Cf.: Lash v. State* (1982), Ind., 433 N.E.2d 764 (taking of property owned by business constituted one robbery and taking of separate property owned by store clerk personally constituted second robbery); *Williams; Carter v. State* (1979), 271 Ind. 656, 395 N.E.2d 239 (taking of property owned by single entity constituted

**4.** IND.CODE § 35–50–2–8.

one robbery, even though taken from four employees).

 Resolution of Martin's third issue turns on the evidence and his admission that defense counsel requested a continuance after the speedy trial motion was entered. In order to request the sanction of discharge, the delay must not be attributable to the defendant. *Taylor v. State* (1984), Ind., 468 N.E.2d 1378. Additionally, the defendant must object at the earliest opportunity, once the trial date is set beyond the time limits of Ind. Rules of Procedure, Criminal Rule 4(B). *Wilburn v. State* (1982), Ind., 442 N.E.2d 1098.

The judgment is hereby reversed and remanded for proceedings consistent with this opinion.

Reversed and remanded.

STATON, P.J., and GARRARD, J., concur.