**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 10 2012, 8:41 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MICHAEL FRISCHKORN**
Frischkorn Law LLC
Fortville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHARON D. COLLINS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A05-1109-CR-490 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Rudolph R. Pyle, III, Judge
Cause No. 48C01-0912-FB-684

**May 10, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Sharon D. Collins's husband, Joshua, obtained a no-contact order against Collins and had her removed from the marital residence. One morning, Collins went to the residence and banged on the windows and rang the doorbell. Joshua threatened to call the police, and Collins left. When Joshua left the residence that afternoon, Collins entered the home and started a fire that destroyed the residence and damaged three neighboring homes. The State charged Collins with four counts of class B felony arson and one count of class A misdemeanor invasion of privacy. A jury found her guilty as charged. The trial court imposed a ten-year sentence on each of the arson convictions and a one-year sentence on the invasion of privacy conviction, with all sentences to run consecutively, for an aggregate sentence of forty-one years, with twenty-eight years executed and thirteen years suspended to probation.

On appeal, Collins contends that her four arson convictions violate Indiana double jeopardy principles because she set fire to only one house. She also contends that the trial court erred in imposing consecutive sentences. In the alternative, she contends that her aggregate sentence exceeds the statutory maximum for convictions arising out of an episode of criminal conduct. The State disputes Collins's double jeopardy and consecutive sentence claims but concedes that her sentence exceeds the statutory maximum as to the arson convictions. We find no merit in Collins's double jeopardy argument and conclude that the trial court did not err in imposing consecutive sentences because the fire impacted multiple victims. Because the arson sentences violate the statutory maximum for felony convictions

2

arising out of an episode of criminal conduct, however, we remand with instructions to resentence Collins in accordance with applicable law.

**Facts and Procedural History**

The evidence most favorable to the jury's verdict indicates that Joshua obtained a no-contact order against Collins that became effective November 5, 2009, and had her removed from the marital residence on West Quarter Moon Drive in Pendleton. Early on the morning of November 30, 2009, Collins arrived at the residence and banged on the windows and rang the doorbell, demanding to be let in. Joshua threatened to call the police, and Collins left. Collins then contacted their insurance company and cancelled their homeowners policy retroactive to November 29. She drove her car around Joshua's neighborhood several times, attracting the attention of some neighbors.

Around midday, Joshua left the residence and went to the Hamilton County government center to file for divorce. During his absence, Collins entered the residence, set several fires, and quickly left the neighborhood. The fire destroyed the residence and damaged three neighboring homes.

The State charged Collins with four counts of class B felony arson – one for each of the four damaged homes – as well as one count of class A misdemeanor invasion of privacy for violating the no-contact order. A jury found her guilty as charged. The trial court imposed a ten-year sentence on each of the arson convictions and a one-year sentence on the invasion of privacy conviction, with all sentences to run consecutively, for an aggregate

3

sentence of forty-one years, with twenty-eight years executed and thirteen years suspended to probation. Collins now appeals.

**Discussion and Decision**

*I. Double Jeopardy*

Collins first contends that her four arson convictions violate Indiana double jeopardy principles. Article 1, Section 14 of the Indiana Constitution says that "[n]o person shall be put in jeopardy twice for the same offense." Two offenses are the "same offense" in violation of Indiana's Double Jeopardy Clause "'if, with respect to *either* the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense.'" *Scott v. State*, 859 N.E.2d 749, 752 (Ind. Ct. App. 2007) (quoting *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999)).

Collins concedes that the so-called "statutory elements test is inapplicable because this challenge is premised upon convictions under multiple counts for the same offense." Appellant's Br. at 5 (citing *Peckinpaugh v. State*, 743 N.E.2d 1238, 1242 (Ind. Ct. App. 2001), *trans. denied*). Collins relies instead on the actual evidence test, pursuant to which a defendant must demonstrate a reasonable possibility that the evidentiary facts used to establish the essential elements of one offense may also have been used to establish the essential elements of a second offense. *Spivey v. State*, 761 N.E.2d 831, 833 (Ind. 2002). "The test is *not* merely whether the evidentiary facts used to establish *one* of the essential elements of one offense may also have been used to establish *one* of the essential elements of

4

a second challenged offense." *Id.* In other words, no double jeopardy violation occurs "when the evidentiary facts establishing the essential elements of one offense also establish only one or even several, but not all, of the essential elements of a second offense." *Id.*

Collins asserts that the actual evidence test establishes a double jeopardy violation because she set fire to only one house, and thus she committed only one act of arson. We rejected a similar argument based on similar facts in *Williamson v. State*, 798 N.E.2d 450 (Ind. Ct. App. 2003), *trans. denied* (2004), in which each of the five arson charges named a different victim "and each conviction required unique proof with respect to each victim." *Id.* at 456 (footnote omitted). Such is the case here, and thus Collins's double jeopardy claim fails. *See Mathews v. State,* 849 N.E.2d 578, 587 (Ind. 2006) ("A fire damaging properties owned by multiple persons can however produce multiple crimes. Thus, one who sets fire to a shop in a mall which spreads and destroys five other businesses in the mall commits five arsons.") (citing *Williamson*, 798 N.E.2d at 451).

## II. Consecutive Sentences

Next, Collins argues that the trial court erred in imposing consecutive sentences on the arson convictions "because the action and the injuries were so close in time that they arose out of a single episode of criminal conduct." Appellant's Br. at 9. Collins's argument is based on a pre-*Richardson* double jeopardy case involving only one victim, and therefore we do not find it persuasive. The State correctly observes that "Indiana courts have repeatedly recognized that where multiple victims are involved and discrete harms were inflicted on separate individuals, consecutive sentences are proper and appropriate." Appellee's Br. at

5

15; *see, e.g.*, *O'Connell v. State*, 742 N.E.2d 943, 952 (Ind. 2001) ("It is a well established principle that the fact of multiple crimes or victims constitutes a valid aggravating circumstance that a trial court may consider in imposing consecutive or enhanced sentences."); Tr. at 787 (trial court's sentencing statement: "The other aggravator is that there were multiple victims. [T]here were a number of families affected by these arsons and … it was all testified to at the trial, the jury heard that and that was a part of their conviction.").[1]  As such, we find no error here.

### *III.  Statutory Maximum for Consecutive Sentences*

Finally, Collins contends, and the State properly concedes, that her aggregate sentence exceeds the maximum sentence allowed pursuant to Indiana Code Section 35-50-1-2. That statute provides that, with certain exceptions not relevant here,

> the court shall determine whether terms of imprisonment shall be served concurrently or consecutively. The court may consider the:
>
> > (1) aggravating circumstances in IC 35-38-1-7.1(a); and
> >
> > (2) mitigating circumstances in IC 35-38-1-7.1(b);
>
> in making a determination under this subsection. The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time. However, except for crimes of violence, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IC 35-50-2-8 and IC 35-50-2-10, to which the defendant is sentenced for *felony convictions* arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

---

[1]  We note that the title pages of the multivolume trial transcript do not indicate the total number of volumes as required by Form Number Appellate Rule 28-1. *See* Ind. Appellate Rule 28(A)(7) ("The title page of each volume shall conform to Form #App. R. 28-1 ….").

Ind. Code § 35-50-1-2(c) (emphasis added). The phrase "terms of imprisonment" includes "any period of incarceration a defendant is sentenced to, even if all or a portion of that period of time is suspended." *Mask v. State*, 829 N.E.2d 932, 936 (Ind. 2005).

Class B felony arson is not a "crime of violence" as defined by Indiana Code Section 35-50-1-2(a). An episode of criminal conduct is defined as "offenses or a connected series of offenses that are closely related in time, place, and circumstance." Ind. Code § 35-50-1-2(b). With respect to timing, the offenses must be "'simultaneous'" or "'contemporaneous.'" *Smith v. State*, 770 N.E.2d 290, 294 (Ind. 2002) (quoting *Tedlock v. State*, 656 N.E.2d 273, 276 (Ind. Ct. App. 1995)). It is undisputed that Collins's four arson convictions arose out of an episode of criminal conduct, and therefore the maximum aggregate sentence that may be imposed for those convictions pursuant to Indiana Code Section 35-50-1-2(c) is the advisory sentence for a class A felony, which is thirty years. Ind. Code § 35-50-2-4.

Collins contends that her misdemeanor invasion of privacy conviction arose out of the same episode of criminal conduct and therefore should be subject to the thirty-year limitation. We note, however, that Indiana Code Section 35-50-1-2(c) specifically applies only to felony convictions, and we agree with the State that it would not apply here in any event because the invasion of privacy offense was not committed simultaneously or contemporaneously with the arson offenses and therefore did not arise out of the same episode of criminal conduct. Based on the foregoing, we remand with instructions to resentence Collins in accordance with Indiana Code Section 35-50-1-2(c), with the executed and suspended portions of her sentence to be determined pursuant to the trial court's discretion and applicable law.

Remanded.

BAKER, J., and BROWN, J., concur.