Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

APPELLANT PRO SE:

**MICHAEL MILLER**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana



FILED
Mar 26 2013, 9:25 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL MILLER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 34A04-1208-PC-405 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable Brant J. Parry, Judge
Cause No. 34D02-0505-PC-191

**March 26, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Michael Miller ("Miller") was convicted in Howard Superior Court of three counts of Class A felony child molesting and ordered to serve an aggregate sentence of 120 years in the Department of Correction. He subsequently filed a petition for post-conviction relief challenging the effectiveness of his trial and appellate counsel. The post-conviction court denied his petition and Miller appeals pro se.

Concluding that Miller has not proved that he received ineffective assistance of either trial or appellate counsel, we affirm.

**Facts and Procedural History**

Miller molested J.D. on several occasions over a six-year period, between 1992 and 1998. J.D. was under fourteen years of age when the molestations occurred. The State also proved that the molestations occurred at three separate locations in Howard County. Upon this evidence, Miller was convicted in Howard Superior Court of three counts of Class A felony child molestation. He was ordered to serve consecutive terms of forty years for each conviction, for an aggregate sentence of 120 years executed in the Department of Correction.

Miller appealed his convictions and challenged the admission of evidence of uncharged misconduct and the sufficiency of the evidence supporting his convictions. Our court concluded that the trial court erred when it admitted evidence of uncharged misconduct, but that the error was harmless. We also affirmed Miller's convictions after concluding that the State presented sufficient evidence to support Miller's three child

2

molesting convictions.[1] Miller v. State, No. 34A02-0307-CR-563 (Ind. Ct. App. June 8, 2004).

In 2005, Miller filed a pro se petition for post-conviction relief. On September 1, 2011, Miller, by counsel, filed an amended petition for post-conviction relief. In the petition, Miller alleged that trial counsel was ineffective for failing to present certain impeaching testimony and failing to object to allegedly improper and prejudicial testimony. Miller also alleged that appellate counsel was ineffective for failing to challenge his 120-year sentence on direct appeal.

The post-conviction court held a hearing on Miller's amended petition on July 5, 2012. The court concluded that Miller could not establish that the alleged deficiencies in trial counsel's performance prejudiced him. The court also rejected Miller's claim of ineffective assistance of appellate counsel after concluding that raising the issue of the length of Miller's sentence was not "clearly stronger" than the issues raised on direct appeal. Appellant's App. p. 13. The post-conviction court therefore denied Miller's amended petition for post-conviction relief. Miller now appeals pro se.

**Standard of Review**

Post-conviction proceedings are not "super appeals" through which convicted persons can raise issues they failed to raise at trial or on direct appeal. McCary v. State, 761 N.E.2d 389, 391 (Ind. 2002). Rather, post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. Davidson v. State, 763 N.E.2d 441, 443 (Ind. 2002). A post-conviction

---

[1] However, we remanded the case to the trial court to correct a clerical error in its sentencing order.

3

petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. Henley v. State, 881 N.E.2d 639, 643 (Ind. 2008). On appeal from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. Id. To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. Id. at 643-44.

Where, as here, the post-conviction court makes findings of fact and conclusions of law in accordance with Indiana Post–Conviction Rule 1(6), we do not defer to the court's legal conclusions, but "the findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." Id. at 644.

### I. Ineffective Assistance of Trial Counsel

Miller argues that the post-conviction court erred when it concluded that he did not receive ineffective assistance of trial counsel. To prevail on a claim of ineffective assistance of counsel, Miller must show both that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced him. Coleman v. State, 694 N.E.2d 269, 272 (Ind. 1998) (citing Strickland v. Washington, 466 U.S. 668 (1984)). There is a strong presumption that counsel rendered adequate assistance. Id. "Evidence of isolated poor strategy, inexperience or bad tactics will not support a claim of ineffective assistance." Id. at 273.

To establish the prejudice prong of the test, the petitioner must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different. Sims v. State, 771 N.E.2d 734, 741 (Ind .Ct. App. 2002), trans. denied. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "Prejudice exists when the conviction or sentence resulted from a breakdown in the adversarial process that rendered the result of the proceeding fundamentally unfair or unreliable." Coleman, 694 N.E.2d at 272. This standard applies to both claims of ineffective assistance of trial and appellate counsel. Rhoiney v. State, 940 N.E.2d 841, 845 (Ind. Ct. App. 2010), trans. denied.

Miller first argues that trial counsel was ineffective for failing to call witnesses that would have established his alibi and impeached the victim's testimony. Generally, "in the context of an ineffective assistance claim, 'a decision regarding what witnesses to call is a matter of trial strategy which an appellate court will not second-guess.'" Curtis v. State, 905 N.E.2d 410, 415 (Ind. Ct. App. 2009) (quoting Johnson v. State, 832 N.E.2d 985, 1003 (Ind. Ct. App. 2005), trans. denied), trans. denied; see also Wrinkles v. State, 749 N.E.2d 1179, 1200 (Ind. 2001) (stating "[w]hich witnesses to call is the epitome of a strategic decision") (citation and quotation marks omitted).

At the post-conviction hearing, Miller's trial counsel testified that Miller gave him a list of individuals he wanted trial counsel to call as witnesses. Trial counsel stated that he "followed up with those witnesses" and spoke with Miller about "each particular witness, what their testimony would be, what their purpose would be in the course of this Trial[.]" Post-conviction Hearing Tr. p. 10. In his appellate brief, Miller does not identify the uncalled witnesses or the testimony he believes they would have presented. Moreover, trial counsel filed an alibi defense notice on Miller's behalf, but when Miller

5

failed to appear in court on the second day of trial, trial counsel was unable to offer Miller's alibi testimony and other evidence counsel planned to introduce through Miller. Counsel stated that he still "called witnesses and offered the best defense possible." Id. at 14. For these reasons, we conclude that trial counsel was not ineffective for failing to call additional unidentified witnesses at Miller's trial.

Miller next argues that trial counsel was ineffective for failing to object to Detective Don Whitehead's testimony concerning Miller's *pre-arrest* silence on the grounds of Doyle v. Ohio, 426 U.S. 610 (1976). During trial, Miller's trial counsel did not object to the testimony elicited from Detective Don Whitehead that during his investigation he attempted to interview Miller about the molestation allegations. The detective stated that he left messages for Miller requesting a return phone call and left a card on the door of his residence. Trial Tr. p. 157. Detective Whitehead also testified that Miller's attorney agreed to set up a meeting between the detective and Miller, but when the detective called to set up an appointment, he did not receive a return call. Id. at 173.

A Doyle objection to this testimony concerning Miller's pre-arrest failure to contact the detective would not have been sustained. In Doyle, the United States Supreme Court held, "[T]he use for impeachment purposes of petitioners' silence, *at the time of arrest and after receiving Miranda warnings*, violated the Due Process Clause of the Fourteenth Amendment." Id. at 619 (emphasis added).

Furthermore, our court has held that the State does not infringe upon a defendant's Fifth Amendment privilege against self-incrimination by introducing evidence that prior

6

to the defendant's arrest, the investigating detective asked the defendant to contact him but did not receive a response. See Owens v. State, 937 N.E.2d 880, 891-92 (Ind. Ct. App. 2010), trans. denied. Under the circumstances of this case, Miller's failure to accommodate police requests for an interview is not an invocation of the right to remain silent. See id. at 891 ("Although Owens's silence occurred within the context of a criminal investigation, Owens was clearly under no governmental compulsion to speak *at that point*.") (emphasis in original).

Miller also briefly states that his counsel should have objected on relevance grounds pursuant to Evidence Rule 402. While it is likely that such objection may have been sustained, Miller has not established that he was prejudiced by the admission of this testimony. For these reasons, we conclude that trial counsel was not ineffective for failing to object to this testimony.

Miller next argues that trial counsel was ineffective for failing to object to victim J.D.'s testimony that his mother's aunt told his mother that she knew Miller and had heard that he was a child molester. Trial Tr. p. 83. Miller argues that the testimony is hearsay and prejudiced him because the statement suggested that he had molested other individuals, "or at a minimum that others in the community believed he was a child molester." Appellant's Br. at 12.

The State concedes that the victim's statement was objectionable. However, the State argues that Miller was not prejudiced by the statement because it "came from the victim who was already accusing [Miller] of several acts of molestation," the statement was simply gossip, and "there is no reason to suspect such testimony changed the

outcome of the trial" because it was a "fleeting and unsolicited statement" offered during the victim's cross examination. Appellee's Br. at 12-13. After reviewing the trial record and considering the testimony in context, we conclude the victim's single statement that his aunt "heard that [Miller's] was a child molester" does not undermine our confidence in the outcome of the trial or that if counsel had objected the result of Miller's trial would have been different.

Finally, Miller argues that trial counsel was ineffective for failing to object to Detective Whitehead's testimony that Miller had committed uncharged child molestations in other counties. But the record does not support Miller's claim. In support of his argument, Miller cites to page 156 of the trial transcript, which includes testimony by Detective Whitehead describing his interview with the victim. Detective Whitehead testified the victim stated that "on numerous occasions at these four different locations [] he had been anally penetrated by Mike Miller." Trial Tr. p. 156. And the detective stated that those four locations are the locations in Howard County. Id.

Detective Whitehead also testified that he had received information pertinent to the molestation investigation from "other law enforcement departments." Tr. p. 166. Trial counsel next asked the detective to refresh his recollection by reading the supplemental report he prepared during the investigation. Trial counsel then elicited testimony that the detective investigated Miller and determined that he had not been arrested or charged with child molesting prior to the charges in this case. Tr. pp. 167-68. For these reasons, we cannot conclude that Miller received ineffective assistance of trial counsel when counsel failed to object to this testimony.

8

After reviewing his four claims of alleged trial error, we conclude Miller has not established that he received ineffective assistance of trial counsel.

## II. Ineffective Assistance of Appellate Counsel

Miller also argues that his appellate counsel was ineffective for failing to challenge the length of his sentence on direct appeal. Our supreme court has recognized three types of ineffective assistance of appellate counsel: (1) denial of access to appeal; (2) failure to raise issues that should have been raised; and (3) failure to present issues well. Wrinkles v. State, 749 N .E.2d 1179, 1203 (Ind. 2001).

> When a petitioner claims the denial of effective assistance of appellate counsel because counsel did not raise issues the petitioner argues should have been raised, reviewing courts should be particularly deferential to counsel's strategic decision to exclude certain issues in favor of others, unless such a decision was unquestionably unreasonable. But this does not end our analysis. Even if we determine that counsel's choice of issues was not reasonable, a petitioner must demonstrate a reasonable probability that the outcome of the direct appeal would have been different in order to prevail.

Taylor v. State, 840 N.E.2d 324, 338 (Ind. 2006) (citations and quotation marks omitted). We must determine "(1) whether the unraised issues are significant and obvious from the face of the record; and (2) whether the unraised issues are clearly stronger than the raised issues." Gray v. State, 841 N.E.2d 1210, 1214 (Ind. Ct. App. 2006) (citation omitted), trans. denied.

Moreover, "[a]ppellate counsel cannot be held ineffective for failing to anticipate or effectuate a change in the existing law." Donnegan v. State, 889 N.E.2d 886, 893 (Ind. Ct. App. 2008), trans. denied. See also Williamson v. State, 798 N.E.2d 450, 454 (Ind. Ct. App. 2003) ("For purposes of ineffective assistance of appellate counsel claims, we

9

judge the reasonableness of appellate counsel's strategic decisions based upon precedent that was available at the time the brief was filed."), <u>trans. denied</u>. If this analysis establishes deficient performance on counsel's part, we then analyze whether the issue or issues that counsel failed to raise clearly would have been more likely to result in reversal or a new trial than the issue or issues that counsel actually raised. <u>Williamson</u>, 798 N.E.2d at 454. The ultimate issue under the prejudice prong is whether, but for counsel's error or errors, there is a reasonable probability that the outcome of the defendant's direct appeal would have been different. <u>Id</u>.

In this case, the trial court imposed consecutive terms of forty years for each Class A felony conviction, for an aggregate 120-year sentence. When Miller was sentenced, the presumptive sentence for a Class A felony was 30 years, and the trial court could impose up to twenty additional years for aggravating circumstances.[2] At the sentencing hearing, the trial court considered the following aggravating circumstances: Miller's four prior drug-related convictions, the substantial risk that he would commit another crime, and that prior attempts at corrective and rehabilitative treatment had failed. The trial court did not find any mitigating circumstances.

After sentencing, appointed appellate counsel sent a letter to Miller and stated: "The length of the sentence you received, most certainly can be one of the issues raised in appeal. I anticipate that it probably will be." Ex. Vol., Petitioner's Ex. 5. However, appellate counsel failed to challenge the obvious issue of the length of Miller's sentence

---

[2] In 2005, Indiana Code section 35-50-2-4 was amended and our prior presumptive sentencing scheme was eliminated and replaced with advisory sentences. Because Miller committed his crime and was sentenced before the sentencing statutes were amended, the presumptive sentencing scheme applies.

on direct appeal. At the post-conviction hearing, appellate counsel testified that he did not have any independent recollection or knowledge of why he did not raise the issue on appeal. Post-Conviction Tr. p. 39.

Because we conclude that appellate counsel should have challenged the length of Miller's sentence on direct appeal, we must consider whether there is a reasonable probability that the outcome of the defendant's direct appeal would have been different. See Williamson, 798 N.E.2d at 454. In other words, we must determine whether Miller's 120-year aggregate sentence is inappropriate in light of the nature of the offense and the character of the offender.[3] See Ind. Appellate Rule 7(B).

In support of his argument that his sentence is inappropriate, Miller analogizes the facts in this case to those in Walker v. State, 747 N.E.2d 536 (Ind. 2001). As Miller notes in his brief, Walker "was available as precedent for appellate counsel to use in trying to reduce Miller's sentence." Appellant's Br. at 15.

Walker molested six-year-old B.W. while babysitting B.W. On two separate occasions, Walker placed his mouth on B.W.'s penis. Walker was convicted of two counts of Class A felony child molesting and sentenced to consecutive terms of forty years on each count. Our court affirmed Walker's sentence, but our supreme court determined that it was manifestly unreasonable and revised the sentences to run concurrently. In so holding, the court stated:

---

[3] The parties discuss our prior "manifestly unreasonable" appellate standard in their briefs. The effective date of the current "inappropriate sentence" appellate standard was January 1, 2003. Miller was sentenced well after that date; therefore, his sentence warrants revision if it is inappropriate in light of the nature of the offense and the character of the offender. See Ind. App. R. 7(B); Polk v. State, 783 N.E.2d 1253, 1260-61 (Ind. Ct. App. 2003), trans. denied.

11

Crimes against children are particularly contemptible. The trial court found a number of aggravating circumstances, including committing the crime while on probation and fleeing the jurisdiction. Still, the trial court did not find a history of criminal behavior. Moreover, the two separate counts of child molestation were identical and involved the same child. Additionally, there was no physical injury. Although the absence of physical injury does not bar an enhanced sentence, this is some distance from being the worst offense or the most culpable offender. While the aggravating circumstances warranted an enhanced sentence, Walker's aggregate sentence of eighty years is manifestly unreasonable.

Id. at 538 (internal citation omitted).

Similarly, in Kien v. State, 782 N.E.2d 398 (Ind. Ct. App. 2003), trans. denied,[4] which was also available as precedent during Miller's direct appeal, our court determined that the imposition of consecutive sentences was inappropriate. In that case, Kien molested his former girlfriend's five-year-old daughter. He was convicted of three counts of Class A felony child molesting. Kien was ordered to serve consecutive terms of forty years for each conviction. We concluded that it was inappropriate to order the sentences for the two convictions of child molesting by sexual intercourse[5] to be served consecutively because

the evidence, while sufficient beyond a reasonable doubt to determine that two acts of sexual intercourse took place, was also subject to an inference that the acts may have taken place in close proximity in time. Because the evidence did not necessarily establish that the acts occurred at significantly different times with Kien having time to reflect upon the heinous nature of the crimes committed, ordering that Kien serve consecutive sentences for the two convictions for child molesting by sexual intercourse is inappropriate. We do not intend to depreciate the seriousness of the crimes committed; however, the evidence does not support a ten-year enhancement and consecutive sentences for each crime.

---

[4] Our supreme court denied transfer in Kien on June 12, 2003. Appellate counsel filed his brief in Miller's direct appeal in October 2003.

[5] The third conviction was for Class A felony deviate sexual conduct by fellatio. Id. at 404.

Id. at 416.

The circumstances of Miller's case are similar to those in Walker and Kien only in one respect: each case involves a single victim. The State alleged and proved that Miller molested J.D. multiple times by anally penetrating J.D. J.D. was eight or nine years old when the molestation began and the molestations continued over a span of six years. The difference between the three charged counts resulting in Miller's convictions was the date and location where the molestation occurred. Miller, who was a friend of the family, was J.D.'s only father figure. The nature of the offense is particularly contemptible because Miller had significant amounts of time to reflect upon the heinous nature of his actions between the dates on which the crimes occurred, but he nonetheless continued to molest J.D.

Concerning the character of the offender, the trial court considered Miller's criminal history as an aggravating circumstance. On the date of sentencing, Miller had three prior Class D felony drug-related convictions and one Class A misdemeanor conviction. The trial court determined that there were no mitigating circumstances to consider in imposing Miller's sentence. Miller's prior criminal history and the fact that he molested J.D. over a six-year time span demonstrate his inability to lead a law abiding life and his depraved character.

For these reasons, we conclude that Miller has not established that his 120-year aggregate sentence is inappropriate in light of the nature of the offense and the character of the offender. Consequently, Miller cannot establish that there is a reasonable

13

probability that his sentence would have been revised pursuant to Appellate Rule 7(B) if appellate counsel had raised the issue on direct appeal. Cf. Haddock v. State, 800 N.E.2d 242 (Ind. Ct. App. 2003) (concluding that Haddock's 326-year aggregate sentence for thirty-five convictions for child molestation, confinement, and vicarious sexual gratification against two minor children was not inappropriate in light of the nature of the offense and the character of the offender); Haycraft v. State, 760 N.E.2d 203 (Ind. Ct. App. 2001) (reducing Haycraft's sentence from 190 years to 150 years for multiple counts of child molestation against the defendant's minor grandchild), trans. denied. We therefore affirm the trial court's finding that Miller's appellate counsel was not ineffective.

## Conclusion

Miller has not established that he received ineffective assistance of trial and appellate counsel. We therefore affirm the trial court's denial of Miller's petition for post-conviction relief.

Affirmed.

KIRSCH, J., and CRONE, J., concur.