Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



APPELLANT PRO SE:

**MARK GREGORY**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARK GREGORY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1302-PC-198 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable David A. Happe, Judge
Cause No. 48C01-1201-PC-4

**October 4, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Mark Gregory ("Gregory") was ordered to serve an aggregate eighty-eight year sentence, which, upon petition and after he had served only eleven of those eighty-eight years, was modified to probation for the remainder of his term. Two months after the modification, Gregory violated his probation. His probation was revoked and he was ordered to serve his remaining term of approximately sixty-five years in the Department of Correction. He subsequently filed a petition for post-conviction relief challenging the legality of the sentence modification and the effectiveness of his trial and appellate counsel. The post-conviction court denied his petition and Gregory now appeals *pro se* and presents four issues, which we consolidate and restate as:

I.      Whether the post-conviction court clearly erred in concluding that Gregory's due process rights were not violated by the sentencing modification court;

II.     Whether the post-conviction court clearly erred in concluding that Gregory was not denied the effective assistance of trial counsel; and

III.    Whether the post-conviction court clearly erred in concluding that Gregory was not denied the effective assistance of appellate counsel.

We affirm.

### Facts and Procedural History

On May 6, 1998, Gregory pleaded guilty to eight counts of class B felony burglary and eight counts of class D felony theft under Cause Number 48C01-9803-CF-49 ("Cause No. 49"). On August 17, 1998, the trial court sentenced him to ten years for each of the eight burglary counts, to run consecutively, and three years for each of the theft counts, to run concurrently. Gregory's aggregate sentence was eighty years, with fifty-five years executed and twenty-five years suspended to probation.

2

On April 20, 2001, Gregory was charged with class C felony escape under Cause Number 48C01-9809-CF-226 ("Cause No. 226"). He was sentenced to eight years, with four years executed and four years suspended to probation. The sentence imposed under Cause No. 226 was to run consecutive to his eight-year sentence in Cause No. 49.

Approximately eight years later, after serving approximately eleven years of his sentence under Cause No. 49, on March 31, 2009, Gregory petitioned for sentence modification. Following an April 20, 2009 hearing, the trial court denied Gregory's request. Gregory filed an amended petition for sentence modification on June 18, 2009. On July 6, 2009, the trial court held a hearing on Gregory's petition and granted his request, ordering that his sentence be "modified to probation for balance of sentence." Appellant's App. pp. 200-01.

Approximately two months later, on September 3, 2009, the Probation Department filed a petition for violation of probation in Cause No. 49. The petition alleged that on August 31, 2009, Gregory violated the terms of his probation by committing burglary and theft. The Probation Department later filed an amended notice of violation of probation in Cause Nos. 49 and 226. After holding hearings on June 14, 2010 and August 16, 2010, the trial court revoked Gregory's probation and remanded him to the Department of Correction to serve 20,914 days for Cause No. 49 and eight years for Cause No. 226.

Gregory appealed his probation revocation, arguing that the trial court's order remanding him to sixty-five years in the Department of Correction exceeded the original sentence.[1] A panel of this court affirmed the trial court's judgment.

On January 27, 2012, Gregory, *pro se*, filed a petition for post-conviction relief. He claimed that the sentence modification court erred in failing to inform him of the maximum penalty for the probation violation. He also argued that the sentence imposed by the court after the probation violation was illegal, that his counsel during the sentence modification hearing was ineffective, and that his appellate counsel was ineffective. The post-conviction court held a hearing on November 8, 2012. On February 13, 2013, the post-conviction court issued findings of fact and conclusions of law, denying Gregory relief. Gregory now appeals *pro se*.

**Standard of Review**

Post-conviction proceedings are not "super appeals" through which convicted persons can raise freestanding issues they failed to raise at trial or on direct appeal. McCary v. State, 761 N.E.2d 389, 391 (Ind. 2002). Rather, post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. Davidson v. State, 763 N.E.2d 441, 443 (Ind. 2002). A post-conviction petitioner bears the burden of establishing grounds for relief by a

---

[1] On appeal, Gregory argued that the Indiana probation revocation statute, Indiana Code § 35-38-2-3, limited his prison term following his probation violation to twenty-nine years. Specifically, he argued that the statute allowed the trial court to impose only the part of the sentence that was suspended at the time of the initial sentencing. Gregory's initial sentence carried a suspended term of twenty-five years in Cause No. 49 and four years in Cause No. 226. A panel of this court found that the remanded sentence was proper since, in 2009, the balance of the sentences in both causes were modified to probation and the executed time was thus converted to suspended time. Gregory v. State, 945 N.E.2d 832 (Ind. Ct. App. 2011) trans. denied.

preponderance of the evidence. Henley v. State, 881 N.E.2d 639, 643 (Ind. 2008). On appeal from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. Id. To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. Id. at 643-44.

Where, as here, the post-conviction court makes findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6), we do not defer to the court's legal conclusions, but the "findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." Id. at 644.

## I. Sentencing Modification

Gregory argues that the post-conviction court erred in concluding that the sentence modification court did not violate his due process rights when it failed to "clearly state the maximum possible penalty for a probation violation." Appellant's Br. at 6. He asserts:

> [M]odification proceedings are no different than an actual sentencing hearing with respect to how the court should approach it. When the court agrees to modify a sentence, they are for all intents and purposes resentencing a defendant for convictions. The most important part of a sentencing hearing for a defendant would be how long the court has determined he will spend in prison.

Id.

Gregory further argues that the probation violation court violated his due process rights when it sentenced him to 57.3 years for his probation violation on Cause No. 49. He claims, "[t]his is error due to the fact that under statute the sentence for the class B felony Burglaries could not be suspended below the minimum of six years each." Id. at 8. He argues that the sentence modification "should have included a change from consecutive to concurrent sentences." Id. Thus, while Gregory frames his argument as a due process issue, he is actually asserting that the sentence modification court erred when it re-sentenced him in a way that did not comply with Indiana Code § 35-50-2-2.

Gregory failed to appeal these freestanding claims of sentencing error following the modification of his sentence. Both Gregory's claim that the sentencing modification court failed to state the maximum penalty for a probation violation and his claim that the court imposed an illegal sentence were known and available to be raised on direct appeal. "Issues which were or could have been raised on direct appeal are not available for review in post-conviction." Weatherford v. State, 619 N.E.2d 915, 917 (Ind. 1993). Having failed to raise his sentencing arguments in either a direct appeal or as a new issue eligible for post-conviction relief, Gregory has waived this issue in this appeal. See Bunch v. State, 778 N.E.2d 1285, 1289 (Ind. 2002).

**II. Ineffective Assistance of Trial Counsel**

Gregory next argues that the post-conviction court erred when it concluded that he did not receive ineffective assistance of trial counsel. To prevail on a claim of ineffective assistance of counsel, Gregory must show both that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced him.

Coleman v. State, 694 N.E.2d 269, 272 (Ind. 1998) (citing Strickland v. Washington, 466 U.S. 668 (1984)). There is a strong presumption that counsel rendered adequate assistance. Id. "Evidence of isolated poor strategy, inexperience or bad tactics will not support a claim of ineffective assistance." Id. at 273.

To establish the prejudice prong of the test, the petitioner must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Sims v. State, 771 N.E.2d 734, 741 (Ind. Ct. App. 2002), trans. denied. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "Prejudice exists when the conviction or sentence resulted from a breakdown in the adversarial process that rendered the result of the proceeding fundamentally unfair or unreliable." Coleman, 694 N.E.2d at 272. This standard applies to both claims of ineffective assistance of trial and appellate counsel. See Rhoiney v. State, 940 N.E.2d 841, 845 (Ind. Ct. App. 2010), trans. denied.

Gregory argues that trial counsel was ineffective for failing to "inquire of the court at the sentence modification hearing regarding the maximum possible penalty Mr. Gregory faced if he violated his probation" and failing to "inquire what Mr. Gregory's sentence was being modified to, allowing the Court to issue an illegal sentence modification." Appellant's Br. at 11.

At the post-conviction hearing, Gregory's trial counsel testified that he failed to inquire of the court the maximum penalty for a probation violation and the specific nature of Gregory's sentence modification because he was "surprised that [Gregory was] going to be getting out the next day and [he] didn't want to argue with the judge about that." Tr.

7

p. 9. The post-conviction court found that Gregory's trial counsel was not ineffective and that his failure to raise the sentencing issues involved "a strategic decision not to object to any statutory imperfection in the modification, because the Court indicated that it would be releasing [Gregory]." Appellant's App. p. 83.

We agree with the post-conviction court that counsel's performance at Gregory's sentence modification hearing did not prejudice Gregory. After the hearing, the court agreed to modify the balance of Gregory's aggregate eighty-eight year sentence to probation. Since Gregory had served only approximately eleven years of that sentence, it is clear that his counsel obtained a very favorable result for Gregory. For these reasons, we cannot conclude that Gregory received ineffective assistance of trial counsel.

### III. Ineffective Assistance of Appellate Counsel

Gregory also argues that his appellate counsel was ineffective for failing to "challenge the Court's error in not stating the maximum possible penalty for Mr. Gregory committing a violation of probation" and failing to "challenge the fact that the Court sentenced Mr. Gregory for a violation based on an illegal sentence." Appellant's Br. at 12.

Our supreme court has recognized three types of ineffective assistance of appellate counsel: (1) denial of access to appeal; (2) failure to raise issues that should have been raised; and (3) failure to present issues well. Wrinkles v. State, 749 N.E.2d 1179, 1203 (Ind. 2001).

> When a petitioner claims the denial of effective assistance of appellate counsel because counsel did not raise issues the petitioner argues should have been raised, reviewing courts should be particularly deferential to

8

counsel's strategic decision to exclude certain issues in favor of others, unless such a decision was unquestionably unreasonable. However, this does not end our analysis. Even if we determine that counsel's choice of issues was not reasonable, a petitioner must demonstrate a reasonable probability that the outcome of the direct appeal would have been different in order to prevail.

Taylor v. State, 840 N.E.2d 324, 338 (Ind. 2006) (citations and quotation marks omitted).

We must determine "(1) whether the unraised issues are significant and obvious from the face of the record; and (2) whether the unraised issues are clearly stronger than the raised issues." Gray v. State, 841 N.E.2d 1210, 1214 (Ind. Ct. App. 2006), trans. denied (citation omitted). If this analysis establishes deficient performance on counsel's part, we then analyze whether the issue or issues that counsel failed to raise clearly would have been more likely to result in reversal or a new trial than the issue or issues that counsel actually raised. Williamson v. State, 798 N.E.2d 450, 454 (Ind. Ct. App. 2003). The ultimate issue under the prejudice prong is whether, but for counsel's error or errors, there is a reasonable probability that the outcome of the defendant's direct appeal would have been different. Id.

Here, Gregory argues, "[t]he two due process issues that counsel failed to raise are clearly issues in which the Court would grant reversal of the probation violation sentence." Appellant's Br. at 13. We disagree. Appellate counsel filed the appeal from the probation violation proceeding rather than from the sentence modification. See Gregory v. State, 945 N.E.2d 832 (Ind. Ct. App. 2011) trans. denied. Therefore, any argument as to the propriety of the sentence modification was unavailable to Gregory. Counsel's challenge to the length of the sentence imposed as a result of Gregory's probation

9

violation was the only issue appellate counsel could properly raise on appeal. See Schlichter v. State, 779 N.E.2d 1155, 1157 (Ind. 2002) (providing that defendant could not challenge trial court's imposition of consecutive sentences for two counts of forgery on appeal from his probation revocation, since the issue of permissibility of his sentence under sentencing statute was not before trial court in his probation revocation proceeding). Gregory cannot raise a claim of ineffective assistance of appellate counsel for an appeal that does not exist. For these reasons, we conclude that Gregory has failed to establish ineffective assistance of appellate counsel.

**Conclusion**

For reasons unknown to this court, Gregory squandered a truly life-changing opportunity to put a long prison sentence behind him when he violated his probation hardly two months after his release. Gregory's post-conviction claim that his sentence modification was improper was known and could have been raised on direct appeal but was not and, thus, was waived. Gregory also has not established that he received ineffective assistance of trial or appellate counsel. We therefore affirm the post-conviction court's denial of Gregory's petition for post-conviction relief.

Affirmed.

NAJAM, J., and BROWN, J., concur.