**Charles Dwayne GILLIAM,**
**Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 71A03–0808–CR–420.

Court of Appeals of Indiana.

Feb. 24, 2009.

---

Philip R. Skodinski, South Bend, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Shelley M. Johnson, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

### *STATEMENT OF THE CASE*

Charles D. Gilliam appeals his sentencing, following a guilty plea, for three counts of class C felony non-support of a dependent.[1]

We affirm.

### *ISSUES*

1. Whether the trial court erred in imposing consecutive sentences.

2. Whether Gilliam's sentence is inappropriate pursuant to Indiana Appellate Rule 7(B).

### *FACTS*

During significant "portions" of the period between January 1, 2001, and December 31, 2004, Gilliam, who had fathered eight children with three different women, failed to pay child support for his dependent children, D.G., Ch.G., R.G., Ci.G.,

---

1. Indiana Code § 35–46–1–5.

N.G., T.N., D.N., and C.N. (Gilliam's App. 1). Gilliam's child support obligation for all of the children amounted to $190.00 per week.

On January 20, 2006, the State charged Gilliam with three counts of class C felony non-support of a dependent. D.G., Ch.G., and R.G., born to one woman, were represented under count I; Ci.G., and N.G., born to a different woman, were represented under count II; and T.N., D.N., and C.N., born to the third woman, were represented under count III. During the above period, the child support arrearage "due and owing" under each count exceeded $15,000.00. (Gilliam's App. 1).

On November 27, 2006, Gilliam pled guilty to the three counts of class C felony non-support of a dependent, with sentencing left to the discretion of the trial court. On March 5, 2008, the trial court imposed sentence as follows: as to each count, an eight-year sentence, with five years suspended to probation; with the sentences ordered served consecutively to each other. Thus, the trial court imposed a twenty-four year sentence with nine years ordered executed in the Department of Correction, and fifteen years suspended to probation. Gilliam now appeals.

## DECISION

Gilliam argues that the trial court erred in imposing consecutive sentences. He also contends that his sentence is inappropriate pursuant to Indiana Appellate Rule 7(B).

1. *Consecutive Sentences*

 ■ Gilliam challenges the trial court's imposition of consecutive sentences. Specifically, he argues that "his nonpayment of support is one bad act and should be treated as such." Gilliam's Br. at 3. Inasmuch as Gilliam argues that his crimes arose from a single episode of criminal conduct and therefore, cannot support consecutive sentences, we cannot agree.

 ■ The decision to impose consecutive sentences lies within the discretion of the trial court. *Williams v. State*, 891 N.E.2d 621, 630 (Ind.Ct.App.2008). A trial court is required to state its reasons for imposing consecutive sentences or enhanced terms. *Id.* However, a trial court may rely on the same reasons to impose a maximum sentence and also impose consecutive sentences. *Id.*

In its sentencing order, the trial court stated that, in imposing its sentence, it had considered Gilliam's extensive criminal history; the significant arrearage in the amount of $121,267.27; and the number of children involved. It also took into consideration that "a portion of the arrearage accrued while [Gilliam] was in custody at a penal institution." (Gilliam's App. 12).

 ■ We begin by noting that a single aggravating circumstance may justify the imposition of consecutive sentences. *Creekmore v. State*, 853 N.E.2d 523, 529 (Ind.Ct.App.2006), *clarified on other grounds on denial of reh'g*, 858 N.E.2d 230 (Ind.Ct.App.2006). The presence of multiple victims is one such aggravating circumstance. *See Major v. State*, 873 N.E.2d 1120, 1131 (Ind.Ct.App.2007); *McCann v. State*, 749 N.E.2d 1116, 1120 (Ind.2001).

Gilliam relies heavily upon *Boss v. State*, 702 N.E.2d 782 (Ind.Ct.App.1998), in support of his contention that the trial court erred in imposing consecutive sentences. In *Boss*, the defendant was convicted in 1993 and subsequently sentenced for two counts of non-support of his minor children during two separate time periods in 1991 and 1992. In 1996, Boss was again charged with non-support of his minor children; however, the time periods described in the three counts in the 1996 charging information were three succes-

sive time periods, each separated by a single day.[2] Boss failed to appear at trial and was tried, convicted on all counts, and sentenced in absentia. The trial court imposed consecutive sentences.

On appeal, Boss first argued that his sentences had placed him in double jeopardy because he had previously been convicted under the same statute for failing to meet his child support obligations in 1991 and 1992. A panel of this court rejected this claim, noting that "[i]f a parent could not be prosecuted more than once under [the non-support of a dependent] statute, a parent who was prosecuted while his child was still young could fail or refuse to support a child without risk of further criminal penalties." *Id.* at 784–85. Such an outcome, the panel observed, would contravene the legislative intent of the statute, which was to "impos[e] criminal sentences for the avoidance of the duty to support a child." *Id.*

More relevant to our purposes here, Boss also challenged the trial court's imposition of consecutive sentences as "multiple penalties for the same offense." *Id.* at 785. We took note of the fact that the three counts in the 1996 charging information alleged that Boss' non-support of his dependent children had occurred over three "contiguous" or successive periods over a very short period of time, and concluded that the prosecutor had "arbitrarily divide[d] the offenses into separate time periods in order to multiply the penalties." *Id.* Accordingly, we held that Boss could, therefore, only be convicted and sentenced for one crime.

Although Gilliam phrases his argument differently from Boss, his argument is essentially the same, namely, that his non-support of his eight dependent children

constituted a single episode of criminal conduct. We cannot agree.

██ Simply stated, under the unique circumstances of this case, Gilliam's offenses do not constitute a single episode of criminal conduct. In *Williams v. State,* 891 N.E.2d 621, 624 (Ind.Ct.App.2008), we stated, in pertinent part, the following:

> In determining whether multiple offenses constitute an episode of criminal conduct, the focus is on the timing of the offenses and the simultaneous and contemporaneous nature, if any, of the crimes. '[A]dditional guidance on the question' can be obtained by considering 'whether the alleged conduct was so closely related in time, place, and circumstance that a complete account of one charge cannot be related without referring to the details of the other charge.'

891 N.E.2d at 631 (internal citations omitted). The consecutive sentencing statute in effect at the time of the defendant's crimes in *Williams*—and which is also applicable in the instant case—defined an "episode of criminal conduct" as "offenses or a connected series of offenses that are closely related in time, place, and circumstance." *Id.* (citing *Robertson v. State,* 871 N.E.2d 280, 286 (Ind.2007)); I.C. § 35–50–1–2 (2002).

Gilliam appears to confuse the notion of a "continuous" obligation to pay child support with the concept of multiple events constituting a "single episode of conduct." *Boss,* 702 N.E.2d at 784; *Williams,* 891 N.E.2d at 624. The facts herein reveal that when Gilliam failed, during the applicable periods between January 1, 2001, and December 31, 2004, to pay court-ordered child support, three *separate and distinct* households (with different sets of

---

**2.** The time period covered were from May 1, 1995 through December 19, 1995; December 20, 1995 through June 30, 1996; and July 1, 1996 through November 10, 1996.

victims) were deprived of support for dependent children.

When we proceed for "additional guidance" to the question of "whether the alleged conduct was so closely related in time, place, and circumstance that a complete account of one charge cannot be related without referring to the details of the other charge," we must conclude that it was not. *Williams,* 891 N.E.2d at 624. In other words, the charge of Gilliam's failure to pay child support for D.G., Ch.G., and R.G. under count I can be related without reference in any way to the details of his failure to pay child-support for Ci.G. and N.G. under count II, or for T.N., D.N. and C.N. under count III. *See id.* at 631.

Based upon the foregoing facts, Gilliam has not demonstrated that his offenses constituted a single episode of criminal conduct. Thus, we conclude that the trial court did not err in imposing consecutive sentences.

## 2. *Inappropriate Sentence*

■ Gilliam argues that his sentence is inappropriate pursuant to Indiana Appellate Rule 7(B).

■ Appellate courts have the constitutional authority to revise a sentence if, after consideration of the trial court's decision, the court concludes the sentence is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). It is the defendant's burden to " 'persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review.' " *Anglemyer v. State,* 868 N.E.2d 482, 494 (Ind.2007) (quoting *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind.2006)).

In our view, Gilliam has failed to advance any discernible argument regarding the nature of his non-support of dependent children offenses or his character. Thus,

we find that he has failed to present a cogent argument in support of this claim and has, therefore, waived the issue. *See* Ind.App. Rule 46(A)(8)(a). This waiver notwithstanding, we proceed to review his claim.

Our review of the nature of the offenses reveals that Gilliam failed to provide for eight of his children as ordered by the court and amassed an enormous arrearage in the amount of $121,267.21. Our review of the character of the offender reveals a lengthy criminal history. Gilliam was adjudicated as a juvenile delinquent in 1987, for burglary and resisting law enforcement; in 1989, for burglary and resisting law enforcement; in 1990, for theft; and in 1991, for burglary. His extensive adult criminal history includes previous convictions for the following: in 1994, obstructing traffic and possessing false/fictitious registration; in 1995, failure to show proof of financial responsibility, and driving while suspended; disorderly conduct and resisting arrest; criminal conversion; battery (domestic violence); in 1996, battery (domestic violence) and false informing, resisting arrest; in 1997, driving while suspended, resisting law enforcement, possession of cocaine, possession of marijuana, and false informing; in 1998, class D felony sexual misconduct with a minor, driving while suspended, and class D felony battery (domestic violence); in 1999, battery; in 2002, false informing; in 2004, class D felony possession of cocaine; in 2005, driving while suspended with priors, failure to provide proof of financial responsibility, and driving with expired license plate; and in 2006, failure to display registration, possession of marijuana, and possession of cocaine.

Gilliam's failure to provide child support for his eight dependent children with three different women and his extensive criminal history reflects strongly upon his charac-

ter which shows disrespect for the law and/or an unwillingness to conform his behavior to socially-acceptable norms. After considering the nature of the offenses and the character of the offender, we cannot say that Gilliam's sentence is inappropriate.

Affirmed.

FRIEDLANDER, J., concurs.

BARNES, J., concurs in result with separate opinion.

BARNES, Judge, concurring in result.

I fully concur in the result reached by the majority. However, I do not believe it is accurate to analyze Gilliam's arguments regarding consecutive sentencing on the basis of whether his multiple convictions for failure to pay child support constituted a "single episode of criminal conduct." That is a term of art that does not absolutely prohibit the imposition of consecutive sentences; rather, it is a statutory limitation on consecutive sentencing. Namely, where a defendant's crimes amount to a non-violent "single episode of criminal conduct," the trial court cannot impose consecutive sentences greater than the advisory sentence for a felony which is "one (1) class of felony higher than the most serious of the felonies for which the person has been convicted." *Smith v.*

*State,* 770 N.E.2d 290, 293 (Ind.2002) (quoting Ind.Code § 35–50–1–2(c)). In this case, if Gilliam's crimes had constituted a "single episode of criminal conduct," his total aggregate sentence could not have exceeded ten years, the advisory sentence for a Class B felony. *See* I.C. § 35–50–2–5.

Instead of asking whether Gilliam's crimes constituted a "single episode of criminal conduct" under Section 35–50–1–2(c) and cases interpreting that phrase, I believe it is sufficient to say that consecutive sentences were permissible and justified here because of the existence of multiple victims, i.e. three distinct family units, who were harmed by Gilliam's failure to pay child support. *See Pittman v. State,* 885 N.E.2d 1246, 1259 (Ind.2008). The existence of multiple victims likewise is a basis for straightforwardly rejecting any implied double jeopardy claim that Gilliam may be making. *See Williamson v. State,* 798 N.E.2d 450, 456 (Ind.Ct.App.2003), *trans. denied.* For these reasons, I concur in result.