## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 16 2016, 6:35 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Thomas G. Godfrey<br>Anderson, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>James B. Martin<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael P. McCoy,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | February 16, 2016<br><br>Court of Appeals Case No.<br>48A04-1507-CR-1031<br><br>Appeal from the Madison County<br>Circuit Court<br><br>The Honorable David A. Happe,<br>Judge<br><br>Trial Court Cause No.<br>48C04-1412-F1-2094 |

**Altice, Judge.**

## Case Summary

[1] Michael P. McCoy pled guilty to Child Molesting as a Level 1 felony,[1] Child Molesting as a Class A felony,[2] and Incest as a Class B felony.[3] The trial court sentenced McCoy to an aggregate term of eighty-five years, with twenty-five years suspended. McCoy presents three issues for our review, which we reorder and restate as:

> 1. Was McCoy denied his right of confrontation when the trial court admitted hearsay evidence during the sentencing hearing and then relied upon such evidence in deciding the sentence to be imposed?
>
> 2. Is McCoy's sixty-year executed sentence inappropriate?
>
> 3. Did the trial court properly impose consecutive sentences?

[2] We affirm.

### Facts & Procedural History

[3] On November 20, 2014, officers with the Anderson Police Department were dispatched to a local elementary school to assist the Department of Child

---

[1] Ind. Code § 35-42-4-3(a)(1). The charging information alleged that this offense occurred "[o]n or between July 1, 2014 and November 15, 2014." *Appellant's Appendix* at 12.

[2] I.C. § 35-42-4-3(a)(1). The charging information alleged that this offense occurred "[o]n or between January 1, 2013 and December 31, 2013." *Appellant's Appendix* at 13. Effective July 1, 2014, this offense was reclassified as a Level 1 felony. Because McCoy committed this offense prior to that date, it retains its prior classification as a Class A felony.

[3] Ind. Code § 35-46-1-3. The charging information alleged that this offense occurred between January 1, 2010 and June 30, 2014. Effective July 1, 2014, this offense was reclassified as a Level 4 felony. Because this offense was committed prior to that date, it retains its prior classification as a Class B felony.

Services. Arriving officers were given information that an eleven-year-old child (the Child) was alleged to have been molested or forced to perform oral sex on her biological father, McCoy. The Child was transported to the ASPIRE Center for a forensic interview. During the recorded forensic interview, the Child stated that every Saturday since she was four or five years old she performed oral sex on McCoy. McCoy would also force her to engage in oral sex on other occasions as well. He told the Child that it was a stress reliever for him and that it would keep him from beating the Child and her brother. Each time, McCoy would lock Child in his room, provide her with a flavored lubricant, and tell her to "suck it." *State's Exhibit* 1. On occasion, McCoy would tell the Child to swallow his semen. McCoy would also have the Child measure his penis with a ruler.

[4] Beginning in approximately January 2014, McCoy, while the Child was performing oral sex on him, began to touch her around her vagina. On one occasion, he placed his finger inside her vagina causing her pain and discomfort. McCoy also attempted to put a vibrator in the Child's vagina, but the Child refused. McCoy provided the Child with sex magazines, x-rated movies, and a chest containing "stripper clothes." *Id*. McCoy told the Child not to tell anyone about performing oral sex on him and threatened to harm her physically if anyone found out.

[5] The Child stated McCoy indicated to her that now that she is getting older and maturing physically, they can start having sex. The Child told the interviewer that she did not want this to happen and that she was "tired" of McCoy. *Id*.

She also expressed fear over McCoy's request that she "put on a show" using the outfits in the trunk and sex toys. *Id.*

[6] On December 1, 2014, the State charged McCoy with Count I, child molesting as a Level 1 felony; Count II, incest as a Level 4 felony; Counts III, IV, V, and VI, child molesting as Class A felonies; and Count VII, incest as a Class B felony. On June 22, 2015, McCoy entered into a plea agreement with the State whereby McCoy agreed to plead guilty to Counts I, IV, and VII, and the State agreed to dismiss the remaining counts. The plea agreement further provided for open sentencing, but with a sixty-year cap on executed time. The trial court held a guilty plea and sentencing hearing on July 13, 2015.

[7] As a factual basis for Count I, McCoy admitted that he submitted on multiple occasions to sex acts consisting of his daughter performing oral sex upon him between July 1 and November 1, 2014. McCoy further admitted that his daughter was under the age of fourteen when these acts occurred. As a factual basis for Count IV, McCoy admitted that he engaged in sexual contact with his daughter between January 1 and December 31, 2013. The sex acts consisted of him having his daughter perform oral sex on him. With regard to Count VII, McCoy admitted that he is the Child's biological father, that the Child was under sixteen years of age, that he was over twenty-one years old, and that he submitted to deviate sexual conduct (i.e., oral sex) with her between January 1, 2010 and June 30, 2014. The trial court found that an adequate factual basis existed and accepted McCoy's guilty pleas to Count I, IV, and VII. The trial court then sentenced McCoy to thirty-five years on Count I, thirty-five years on

Count IV, and fifteen years on Count VII. The trial court ordered the sentences served consecutively for an aggregate sentence of eighty-five years, of which the trial court ordered sixty years executed and the balance suspended. Additional facts will be provided as necessary.

## Discussion & Decision

### 1. Hearsay

[8] McCoy argues that trial court improperly admitted hearsay evidence presented by way of the recording of the Child's forensic interview and the testimony of the Child's foster parent during the sentencing hearing.[4] Specifically, McCoy argues that admission and consideration of such hearsay evidence violated his right to confrontation as set forth in Article 1, Section 13 of the Indiana Constitution.

[9] We begin by noting that McCoy did not object to the trial court's consideration of the Child's forensic interview. Generally, the failure to object results in waiver of the issue for appellate review. *See Cole v. State*, 28 N.E.3d 1126, 1135 (Ind. Ct. App. 2015). To avoid waiver, McCoy argues that the trial court committed fundamental error by admitting into evidence the video of the

---

[4] During the sentencing hearing, the Child's current foster parent testified that the Child has emotional problems and struggles with behaving appropriately at school and around other children. She further testified that the Child has inappropriate knowledge about sex given her age. In terms of hygiene, the Child refuses to wash her private area. The Child's foster parent testified that she struggles with what has happened to her because she loves her father and wants to please him.

Child's forensic interview and then by considering such hearsay evidence in deciding what sentence to impose. Fundamental error is error that "constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." *Id.* (quoting *Mathews v. State*, 849 N.E.2d 578, 587 (Ind. 2006)).

[10] The basis of McCoy's argument on appeal is that the Child's forensic interview and her foster parent's testimony constituted hearsay. It has long been established that hearsay is admissible at sentencing hearings. *Stokes v. State*, 828 N.E.2d 937, 941 (Ind. Ct. App. 2005), *trans. denied*; *see also* Ind. Evidence Rule 101(c)(2) ("[t]he rules . . . do not apply in . . . proceedings relating to . . . sentencing"). "The rationale for exempting certain proceedings, including sentencing, from the rules of evidence is to provide the trial judge with the widest range of relevant information in reaching an informed decision." *Dumas v. State*, 803 N.E.2d 1113, 1121 (Ind. 2004). Thus, the hearsay about which McCoy now complains was properly admitted during the sentencing hearing. There was no error, let alone fundamental error.

[11] Notwithstanding the above, McCoy asks that we extend the protections afforded by Article 1, Section 13[5] of the Indiana Constitution to bar hearsay evidence in sentencing hearings. McCoy acknowledges that there is no case law to support his argument, but nonetheless submits that the protections

---

[5] Article 1, Section 13 of the Indiana Constitution provides a criminal defendant the right of confrontation: "In all criminal prosecutions, the accused shall have the right . . . to meet the witnesses face to face."

should be extended to "limited circumstances such as here where most of the aggravation presented was in the form of hearsay." *Appellant's Brief* at 6.

[12] At the sentencing hearing, however, McCoy objected based on *Crawford v. Washington*, 541 U.S. 36 (2004), which addressed the federal right of confrontation.[6] McCoy did not make a separate argument below regarding the right of confrontation set forth in Article 1, Section 13. McCoy has therefore waived this argument on appeal.[7] *See Lehman v. State*, 730 N.E.2d 701, 703 (Ind. 2000) (noting that when a defendant presents one argument at trial and a different argument on appeal, the claims are forfeited).

## 2. Inappropriate Sentence

---

[6] In *Crawford*, the United States Supreme Court addressed admission of testimonial evidence at trial and the impact on a defendant's federal right of confrontation. 541 U.S. 36. The context of the analysis was testimonial evidence admitted during trial, not a sentencing hearing. Since the *Crawford* decision, several courts have held that the analysis therein does not apply to sentencing hearings. *See, e.g., U.S. v. Francis*, 39 F.3d 803, 810 (7th Cir. 1994). The rationale is that a sentencing hearing is not a criminal prosecution within the meaning of the Sixth Amendment because its sole purpose is to determine the appropriate punishment for the offense. *See also Debro v. State*, 821 N.E.2d 367, 374 (Ind. 2005).

[7] Acknowledging that he did not raise a specific challenge under Article 1, Section 13, McCoy argues that the denial of his state right to confrontation amounts to fundamental error. As noted above, fundamental error is error that "constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." *Cole*, 28 N.E.3d at 1135.

Our Supreme Court has noted that the federal right of confrontation and the State's right to a face-to-face meeting are, to a considerable degree, co-extensive. *Turner v. State*, 953 N.E.2d 1039, 1055 n.8 (Ind. 2011); *Brady v. State*, 575 N.E.2d 981, 986-87 (Ind. 1991). Nevertheless, "the rights guaranteed by our state constitution are not necessarily identical to those provided by the federal constitution." *Turner*, 953 N.E.2d at 1055 n.8; *Brady v. State*, 575 N.E.2d 981, 986-87 (Ind. 1991). Even assuming such is the case, we note that here, McCoy admitted to the operative facts supporting his convictions and it is those core facts that served as the basis for the trial court's sentencing decision. McCoy forced the Child to perform oral sex on a regular basis since she was a child of tender years. McCoy has not established that fundamental error occurred.

[13]    McCoy argues that his eighty-five year sentence with sixty years executed is inappropriate "for a man forty-five (45) years of age with minimal criminal record, who pled guilty to the charges and who himself had been physically and mentally abused by his father as a child." *Appellant's Brief* at 4. McCoy asserts that because his convictions under Counts I and IV are credit restricted felonies, "it is likely, then, that [he] will serve the rest of his life in prison." *Id*. at 5.

[14]    Despite the fact that the trial court imposed a sentence that is authorized by statute, we may revise McCoy's sentence if, "after due consideration of the trial court's decision, [we] find that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). Ultimately, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Thus, "whether we regard a sentence as appropriate . . . turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Id*. at 1224. In making this determination, the relevant considerations are the length of the aggregate sentence and how it is to be served. *Id*. McCoy bears the burden of persuading our court that his sentence is inappropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012).

[15]    We begin with the character of the offender. McCoy has a prior conviction for domestic battery in 2000. McCoy also pled guilty and accepted responsibility

for his actions in this case, thereby saving the Child from having to testify. In its sentencing statement, the trial court noted that it found McCoy's demeanor "a little bizarre," but nevertheless found that McCoy "expressed some measure of remorse." *Transcript* at 63. The court continued, explaining that it found it to be an "attenuated expression of remorse," and thus did not afford it much weight. *Id*. These considerations are quite unremarkable in our consideration of the character of the offender. Given the facts of this case, we find that the nature of the offense is more telling of McCoy's character.

[16] With regard to the nature of the offense, we note how the Child, now eleven, recounted that since she was about four years old, McCoy, her biological father, would make her "suck his dick" every Saturday and at other times of his choosing. *State's Exhibit* 1. The Child described McCoy's penis as tasting like "crap" and how he would use a bubblegum flavored lubricant to make it taste better. *Id*. Starting around January 2014, McCoy started putting his finger on her vagina while she was performing oral sex on him. On one occasion he put his finger in her vagina causing the Child pain and discomfort. In the trial court's words, McCoy kept the Child as his "sexual slave . . . to be used at [his] whim to satisfy his sexual desires." *Transcript* at 64. The nature of this offense is particularly heinous. McCoy's sixty-year executed sentence is not inappropriate.[8]

---

[8] We further note that although McCoy reserved the right to challenge his sentence in his plea agreement, he also agreed to a sixty-year cap on executed time.

### 3. Consecutive Sentences

McCoy argues that the trial court improperly relied upon the age of the victim, an element of the crimes to which he pled guilty, in ordering that his sentences be served consecutively. The decision to impose consecutive sentences lies within the discretion of the trial court. *Gross v. State*, 22 N.E.3d 863, 869 (Ind. Ct. App. 2014), *trans. denied*. A trial court is required to state its reasons for imposing consecutive sentences. *Id*. Moreover, a single aggravating circumstance may justify the imposition of consecutive sentences. *Gilliam v. State*, 901 N.E.2d 72, 74 (Ind. Ct. App. 2009).

Here, the trial court found as an aggravating factor that the Child was of an "extreme tender age" when the abuse began and further noted that such age was "well below the age . . . necessary to establish the elements of the offense." *Transcript* at 66. This was not improper. *See Kien v. State*, 782 N.E.2d 398, 414 (Ind. Ct. App. 2003) (holding that it was not improper to consider that the victim was of "tender age" as an aggravating circumstance); *Stewart v. State*, 531 N.E.2d 1146, 1150 (Ind. 1988) (holding that trial court could properly consider age of the victim in a child molesting case as an aggravating circumstance where the victim was considered to be of "tender age").

In addition to the Child's age, the trial court considered as aggravating that McCoy abused a position of trust and that the pattern of abuse, sexual and physical, was ongoing and occurred over a long period of time. The trial court found that McCoy's conduct had a "very powerful impact" on the Child and

specifically noted that the Child is having a "very difficult time trusting anyone" and is having "real difficulties in developing normal social friendships." *Transcript* at 65. The trial court identified ample aggravating circumstances to support imposition of consecutive sentences resulting in the maximum sixty-year executed term allowed under the plea agreement.

[20] Judgment affirmed.

[21] Robb, J., and Barnes, J., concur.