## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 28 2016, 7:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Benjamin Loheide
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jerry Strawser, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | April 28, 2016 <br><br> Court of Appeals Case No. 03A05-1510-CR-1573 <br><br> Appeal from the Bartholomew Superior Court <br><br> The Honorable James D. Worton, Judge <br><br> Trial Court Cause No. 03D01-1410-F3-4542 |

**Altice, Judge.**

**Case Summary**

[1] Jerry Strawser pled guilty to three counts of Robbery as a Level 3 felony and was sentenced to an aggregate term of thirty-six years executed in the Department of Correction. Strawser now appeals, contending that his sentence is inappropriate pursuant to Ind. Appellate Rule 7(B).

[2] We affirm.

## Facts & Procedural History

[3] On September 28, 2014, Strawser and James Maddox drove from Detroit, Michigan to Columbus, Indiana for the purpose of robbing a specific gas station. During the ride, Strawser used heroin and smoked marijuana. When they arrived in Columbus, Strawser entered the gas station while wearing a mask and pointed a handgun at the clerk, Miranda Baker, and demanded money. Baker gave Strawser the money from the register, and he then ordered her to the back room and demanded that she open two safes.

[4] While Strawser was behind the counter with Baker, Florentina Perez Ruiz and her brother, Rogelio Perez Ruiz, entered the gas station for their morning coffee. Florentina saw Strawser's mask and thought it was a joke, so she smiled at him and laughed. Strawser pointed his gun at Florentina and Rogelio and demanded money. Florentina immediately complied, but Rogelio gave Strawser only part of his money. Strawser became angry and struck Rogelio in the head with the gun.

[5] Meanwhile, police had been alerted to the robbery and surrounded the gas station. Strawser exited the gas station and ran to a neighboring parking lot where Maddox was waiting for him in a vehicle. Strawser and Maddox managed to elude police and drove to a restaurant approximately eight miles away. Strawser and Maddox were apprehended after police located the vehicle in the restaurant's parking lot.

[6] As a result of these events, the State charged Strawser with three counts of Level 3 felony robbery, one count of Level 5 felony battery, and one count of Level 5 felony possession of an altered handgun. Strawser subsequently entered into a plea agreement pursuant to which he pled guilty to the three counts of robbery in exchange for dismissal of the remaining charges. On September 8, 2015, the trial court sentenced Strawser to consecutive terms of ten years for robbing Baker, sixteen years for robbing Rogelio, and ten years for robbing Florentina. Thus, Strawser received an aggregate sentence of thirty-six years executed in the Department of Correction. Strawser now appeals. Additional facts will be provided as necessary.

## Discussion & Decision

[7] Strawser contends that his sentence is inappropriate in light of the nature of his offense and his character. Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. *See Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014), *cert. denied*, 135 S.Ct. 978 (2015). Pursuant to A.R. 7, our Supreme Court authorized this court to

perform the same task. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Per App. R. 7(B), we may revise a sentence "if after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Inman v. State*, 4 N.E.3d 190, 203 (Ind. 2014) (quoting App. R. 7). "Sentence review under Appellate Rule 7(B) is very deferential to the trial court." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). Strawser bears the burden on appeal of persuading us that his sentence is inappropriate. *See Conley*, 972 N.E.2d at 876.

[8]     The determination of whether we regard a sentence as inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013) (quoting *Cardwell*, 895 N.E.2d at 1224). Moreover, "[t]he principal role of such review is to attempt to leaven the outliers." *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013). It is not our goal in this endeavor to achieve the perceived "correct" sentence in each case. *Knapp*, 9 N.E.3d at 1292. Accordingly, "the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State*,

894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (emphasis in original). Additionally, "appellate review should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Cardwell*, 895 N.E.2d at 1225.

[9] To assess the appropriateness of a sentence, we first look to the statutory range established for the classification of the relevant offenses. Strawser was convicted of three Level 3 felonies. The advisory sentence for a Level 3 felony is nine years, with a minimum and maximum sentence of three years and sixteen years, respectively. Ind. Code § 35-50-2-5. Strawser was sentenced to consecutive terms of ten years for robbing Baker, ten years for robbing Florentina, and sixteen years for robbing Rogelio, for an aggregate sentence of thirty-six years.

[10] With respect to the nature of the offenses, we note that Strawser and Maddox drove approximately five hours from Detroit to Columbus for the purpose of robbing this specific gas station. At his sentencing hearing, Strawser testified that he had targeted Columbus because it was a "clean city" with "nice people." *Transcript* at 26. Strawser robbed Baker at gunpoint, and when Florentina and Rogelio came into the gas station to buy their morning coffee, Strawser took the opportunity to rob them as well. When Rogelio resisted giving Strawser his money, Strawser struck him in the head with the gun. Strawser then fled from the gas station and was subsequently apprehended at a nearby restaurant. We are unpersuaded by Strawser's argument that consecutive sentences are inappropriate because the offenses were part of a

single episode of criminal conduct. As Strawser acknowledges, consecutive sentences were permissible under I.C. § 35-50-1-2 because robbery is classified as a crime of violence. The existence of multiple victims was sufficient to justify consecutive sentences in this case. *See Gilliam v. State*, 901 N.E.2d 72, 74 (Ind. Ct. App. 2009) (noting that a single aggravating circumstance, such as the presence of multiple victims, may justify the imposition of consecutive sentences).

[11] As to Strawser's character, the record reveals that at only twenty-three years old, he already has a long history of delinquent and criminal behavior in his home state of Michigan. At fourteen years old, Strawser was adjudicated delinquent for committing retail fraud. At eighteen years old, Strawser was convicted under two separate cause numbers of attempted breaking and entering and malicious destruction of a building, both as misdemeanors. While on probation for these offenses, Strawser committed attempted retail fraud, a felony. He was sentenced to eighteen months on probation, but his probation was revoked because he "didn't show up." *Transcript* at 12. He was sentenced to the Michigan Department of Correction for a term ranging from four months to two and a half years. He was released in January 2014 without parole supervision after serving the maximum sentence due to his poor behavior in prison, including fighting and gang involvement. Less than a year later, he committed the instant offenses. Strawser's behavior while incarcerated in Indiana has been atrocious. He has been found guilty of numerous jail rule violations for actions ranging from flooding his cell, physically attacking

another inmate, throwing bodily waste on another inmate, damaging jail property, intimidation, and disorderly conduct.

[12] Nevertheless, Strawser argues that his sentence should be reduced because he had a difficult childhood. Our Supreme Court has noted, however, "that evidence of a difficult childhood warrants little, if any, mitigating weight." *Ritchie v. State*, 875 N.E.2d 706, 725 (Ind. 2007). Strawser also suggests that his sentence is inappropriately harsh in light of his substance abuse problems and his expression of remorse. Although we acknowledge that Strawser apparently has a substance abuse problem, we also note that he was ordered to participate in substance abuse services while on probation in Michigan. In February 2011, a warrant was issued for his arrest for failure to attend outpatient counseling and drug testing, and he was ordered to perform community service as a sanction. Under these circumstances, we cannot conclude that Strawser's substance abuse problem weighs significantly in favor of a sentence reduction. *See Caraway v. State*, 959 N.E.2d 847, 852 (Ind. Ct. App. 2011) (holding that substance abuse may be considered an aggravating circumstance where the defendant is aware of his addiction and does not seek treatment), *trans. denied*.

[13] We also observe that the trial court did not find Strawser's expression of remorse to be a significant mitigating factor. *See Hape v. State*, 903 N.E.2d 977, 1002-03 (Ind. Ct. App. 2009) (explaining that "our review of a trial court's determination of a defendant's remorse is similar to our review of credibility judgments: without evidence of some impermissible consideration by the trial court, we accept its determination"), *trans. denied*. We find the sincerity of his

remorse highly dubious in light of his behavior while in jail and his attempts to minimize the severity of his crimes at the sentencing hearing and in the pre-sentence investigation report.[1]  For all of these reasons, we readily conclude that Strawser's thirty-six-year executed sentence is not inappropriate.

[14]     We affirm.

[15]     Bailey, J. and Bradford, J., concur.

---

[1] At the sentencing hearing, Strawser testified that he "tapped [Rogelio] on the head" with the gun and that "if [he] was really trying to harm anybody [he] would have shot somebody." *Transcript* at 21. Strawser told the probation officer preparing his pre-sentence investigation report that he believed the sentencing range applicable to his offenses was "ridiculous" because "nobody died, got shot, everything was returned." *Appellant's Appendix* at 39.