## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 28 2018, 11:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Mark A. Thoma | Curtis T. Hill, Jr. |
| Leonard Hammond Thoma & Terrill | Attorney General of Indiana |
| Fort Wayne, Indiana | |
| | J. T. Whitehead |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Fredrick L. Magee, | September 28, 2018 |
| *Appellant-Defendant,* | Court of Appeals Case No. 18A-CR-747 |
| v. | Appeal from the Allen Superior Court |
| State of Indiana, | The Honorable John F. Surbeck, Jr., Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 02D06-1708-F3-46 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Fredrick L. Magee (Magee), appeals his conviction for Count I, rape, a Level 3 felony, Ind. Code § 35-42-4-1; Count II, sexual battery, a Level 6 felony, I.C. § 35-42-4-8; Count III, strangulation, a Level 6 felony, I.C. § 35-42-2-9; and Count IV, battery, a Class A misdemeanor, I.C. § 35-42-2-1.

We affirm.

# ISSUES

Magee raises two issues on appeal, which we restate as the following three issues:

(1) Whether the trial court properly imposed a consecutive sentence;

(2) Whether the trial court abused its discretion in failing to consider certain mitigating circumstances during sentencing; and

(3) Whether Magee's sentence is inappropriate in light of the nature of the offense and his character.

# FACTS AND PROCEDURAL HISTORY

On July 2, 2017, T.J. was living on Decatur Road, in Fort Wayne, Indiana. T.J. had met Magee seven years ago and they had been in an "on and off" relationship. (Transcript p. 170). When she finished her shift at a local bar in the early morning of July 2, 2017, T.J. and Magee met at T.J.'s apartment where they were planning to have a couple of beers and to smoke some

marijuana. Around 6:00 a.m., after having drank a couple of beers, Magee asked T.J. if she had Snapchat on her phone. T.J. denied having the app and showed Magee her phone. Magee moved from the chair where he had been sitting to the bed where T.J. was laying in an effort "to grab the phone because he thought [T.J.] was trying to hide something." (Tr. p. 177). While they were fighting over T.J.'s phone, Magee became angry and started choking T.J. from behind, telling her she was "gonna die tonight." (Tr. p. 180). T.J. struggled and unsuccessfully attempted to stand up. Instead, she was pushed up against the bedside table, on her knees, while Magee placed his forearm around her neck until he cut off her breathing. T.J. urinated and defecated all over herself and then passed out.

[5] When T.J. regained consciousness, she was laying on her stomach and Magee was having anal sex with her. Magee finished, rolled over, and covered himself up. As T.J. became more fully aware of what was going on, she managed to separate herself from Magee and go into the bathroom. When she looked into the mirror, she noticed that she had a black eye, a "bite mark in her eye," a bite on her ear, bruises on her neck, and blood in her hair. (Tr. p. 185). When she returned to the bedroom, she took her phone, went into the kitchen where she grabbed a knife to defend herself, and proceeded to call 911. While T.J. was on the phone with 911, Magee came "running out the room charging T.J." (Tr. p. 188). Magee eventually left the apartment and police officers arrived at T.J.'s apartment shortly thereafter.

On August 28, 2017, the State filed an Information, charging Magee with Count I, rape, a Level 3 felony; Count II, sexual battery, a Level 6 felony; Count III, strangulation, a Level 6 felony; and Count IV, battery, a Class A misdemeanor. On January 30 through January 31, 2018, the trial court conducted a jury trial. At the close of the evidence, Magee was found guilty as charged. On March 2, 2018, during the sentencing hearing, Magee was sentenced to fourteen years executed on Count I and two years executed on Count III. The trial court merged Counts I and II, as well as Counts III and IV, and ordered the sentences to run consecutively.

Magee now appeals. Additional facts will be provided if necessary.

# DISCUSSION AND DECISION

I. *Consecutive Sentence*

Magee first contends that the trial court abused its discretion in sentencing him to consecutive sentences because both crimes occurred during a single episode of criminal conduct.

In general, a trial court cannot order consecutive sentences in the absence of express statutory authority. *Reed v. State*, 856 N.E.2d 1189, 1199 (Ind. 2006). "'A sentence that is contrary to or violative of a penalty mandated by statute is illegal in the sense that is without statutory authorization.'" *Id.* (quoting *Rhodes v. State*, 698 N.E.2d 304, 307 (Ind. 1998)). Indiana Code section 35-50-1-2(c)(2) provides that except for statutory crimes of violence, "the total of the consecutive crimes of imprisonment . . . to which the defendant is sentenced for

felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted." The term "'episode of criminal conduct' means offenses or a series of offenses that are closely related in time, place, and circumstance." I.C. § 35-50-1-2(b).

> In determining whether multiple offenses constitute an episode of criminal conduct, the focus is on the timing of the offenses and the simultaneous and contemporaneous nature, if any, of the crimes. Additional guidance on the question can be obtained by considering whether the alleged conduct was so closely related in time, place, and circumstance that a complete account of one charge cannot be related without referring to the details of the other charge.

*Williams v. State*, 891 N.E.2d 621, 631 (Ind. Ct. App. 2008). "Whether certain offenses constitute a single episode of criminal conduct is a fact-sensitive inquiry to be determined by the trial court." *Schlichter v. State*, 779 N.E.2d 1155, 1157 (Ind. 2002). The decision to impose consecutive sentences lies within the discretion of the trial court. *Gilliam v. State*, 901 N.E.2d 72, 74 (Ind. Ct. App. 2009).

[10] While it is undisputed that the rape and strangulation occurred close in time, we are not persuaded that the two crimes are simultaneous or contemporaneous in nature to render them a single episode. Looking at the circumstances surrounding the charges, we note that the strangulation occurred out of a struggle over a phone. The attack was violent but not sexual in nature. The rape charge, however, commenced after Magee stopped strangling T.J. and she

had passed out. While she regained consciousness, Magee anally penetrated her. The second attack was both violent and sexual in nature, and commenced after Magee had time to decide to remain with an unconscious victim and to perpetrate an entirely new second offense while she regained consciousness.

[11] Furthermore, even if the two charges constitute a single episode of criminal conduct, the aggregate sentence does not exceed the statutory provision. *See* I.C. § 35-50-1-2(c). Magee's highest charge is a Level 3 felony. Thus, his maximum sentence shall not exceed the advisory sentence for a Level 2 felony, which is seventeen and one-half years. *See* I.C. § 35-50-2-4.5. Here, the trial court's imposed aggregate sentence is sixteen years. Accordingly, we find that the trial court did not abuse its discretion in imposing a consecutive sentence.

## II. *Mitigating Circumstances*

[12] Next, Magee claims that the trial court abused its discretion when it failed to identify significant mitigating circumstances which were clearly supported by the record. Sentencing decisions "rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* A trial court may abuse its discretion by failing to enter a sentencing statement, entering findings of aggravating and mitigating facts unsupported by the record, omitting factors

clearly supported by the record and advanced for consideration, or giving reasons that are improper as a matter of law. *Id*. at 490-91. However, a trial court has no obligation to properly weigh these factors, and the weight given to such factors is no longer subject to appellate review. *Id*. at 491. "Under those circumstances, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id*.

[13] Magee argues that the trial court failed to identify and consider the significant mitigating factors of community and familial support offered on Magee's behalf; his desire to continue his education by going to college; and the hardship imposed on his two dependent children. During the sentencing hearing, the trial court considered the letters provided on behalf of Magee but rejected these statements as mitigators. Likewise, the Pre-Sentence Investigation (PSI) indicates Magee's family and social support level to be "low." (Appellant's App. Vol. III, p. 10). At no point did Magee present any witnesses who testified on his behalf during the sentencing hearing. While Magee did not raise his intention during the hearing to continue his education by attending college, we note that the PSI makes an almost cursory mention of Magee listing "attending college as future educational goals." (Appellant's App. Vol. III, p. 10). With respect to the hardship Magee's incarceration imposed on his two minor children, we hasten to point out that the children reside with their mother and do not receive any financial support from Magee.

Accordingly, while all of the proposed mitigating circumstances are briefly mentioned in the record, we conclude that Magee failed to establish that these were significant. Therefore, we find no abuse of discretion.

### III. *Appropriateness of Sentence*

Magee also argues that his sentence is inappropriate in light of his character and the nature of the offenses. The authority granted to this court by Article 7, § 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B), which provides: "The [c]ourt may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the [c]ourt finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In performing our review, we assess "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad of other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of such review is to attempt to leaven the outliers. *Id*. at 1225. A defendant "must persuade the appellate court that his or her sentence has met the inappropriateness standard of review." *Angelmyer*, 868 N.E.2d at 494.

The trial court sentenced Magee to fourteen years executed on a Level 3 felony and two years executed on a Level 6 felony. A Level 3 felony carries with it a "fixed term of between six (6) and twenty (20) years, with the advisory sentence being ten (10) years;" while a Level 6 felony is punishable by "a fixed term of

between six (6) months and two and one-half (2 ½) years, with the advisory sentence being one (1) year." *See* I.C. §§ 35-50-2-5; -7. Accordingly, the trial court imposed an aggravated sentence on each offense.

[16] Turning to the nature of the offenses, we note that Magee inflicted multiple injuries on T.J. and threatened her with her life during the commission of two separate offenses. A trivial fight over a phone led to strangulation and T.J. losing consciousness. When she regained consciousness, Magee was anally penetrating her, leaving her bloodied from the assault.

[17] With respect to Magee's character, thirty-eight-year-old Magee has an extensive history of criminal behavior. As the trial court observed during the sentencing hearing, there is not a particular calendar year during his adult life that Magee was not locked up or has not committed a crime. As an adult, Magee accumulated fifteen prior misdemeanor convictions and two prior felony convictions. He has been convicted of operating while intoxicated four times, operating while suspended four times, false informing twice, public intoxication twice, battery resulting in bodily injury twice, domestic battery, possession of marijuana, and escape. Magee has had his probation revoked once, his probation modified once, his home detention placement revoked once, and his suspended sentence revoked four times. At the time of sentencing in the current cause, Magee also had charges pending in Allen County.

[18] Even though Magee claimed during sentencing that he "feel[s] like this system has failed [him], and [he] still maintain[s] [his] innocence," Magee failed to take

advantage of the opportunities offered to him by the system previously. (Sent. Tr. p. 9). Moreover, Magee claims that "anything that [he has] done [he has] accepted it and [] owned up to it," yet at the same time he painted T.J. as a liar at the sentencing hearing and assured the trial court that he was disappointed that she could "get away with accusing somebody over [] something that they say." (Sent. Tr. p. 9). We conclude that the trial court did not impose an inappropriate sentence under Indiana Appellate Rule 7(B), and Magee's sentence does not warrant appellate revision. Therefore, we decline to disturb the sentence imposed by the trial court.

# CONCLUSION

[19] Based on the foregoing, we hold that the trial court did not abuse its discretion by (1) imposing consecutive sentences; and (2) sentencing Magee to an aggregate sentence of sixteen years.

[20] Affirmed.

[21] Vaidik, C. J. and Kirsch, J. concur