## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

William T. Myers
Grant County Public Defender
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lemere Joseph Jones,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

December 21, 2020

Court of Appeals Case No.
20A-CR-840

Appeal from the
Grant Superior Court

The Honorable
Jeffrey D. Todd, Judge

Trial Court Cause No.
27D01-1901-MR-3

**Kirsch, Judge.**

[1] After being tried at a bench trial, Lemere Joseph Jones ("Jones") was convicted of three counts of murder,[1] and one count of conspiracy to commit armed robbery[2] as a Level 3 felony. The trial court sentenced Jones to sixty-five years for each of the three murder counts to run consecutive with each other and fifteen years for conspiracy to commit armed robbery to run concurrent to the murder counts, for an aggregate sentence of 195 years executed. Jones appeals his sentence, arguing that the trial court abused its discretion in imposing consecutive sentences because he alleges that the trial court failed to state reasons for the consecutive sentences.

[2] We affirm.

## Facts and Procedural History

[3] Jones and his friends Demetrius Jackson ("Jackson"), Jasmine Drake ("Jasmine"), and Brittany Drake ("Brittany"), believed that Javon Blackwell ("Javon") was a drug dealer and that he would have drugs and money stashed in his residence. *Supp. Tr.* at 137; *State's Ex. 123* at 156-57. The four of them devised a plan to rob Javon. *Supp. Tr.* at 84, 137-38; *State's Ex. 123* at 156-57. On December 30, 2018, Jones and Jackson met Brittany and Jasmine at Jasmine's home just a block away from Javon's residence. *Supp. Tr.* at 132-33, 137; *State's Ex. 119-21, 123* at 157. They drove over to Javon's house, and

---

[1] *See* Ind. Code § 35-42-1-1.

[2] *See* Ind. Code §§ 35-42-5-1(a), 35-41-5-2.

Jasmine dropped off Brittany and Jackson at the rear of Javon's house. *Supp. Tr.* at 138; *State's Ex. 123* at 157, 170. Brittany was supposed to serve as a look-out in the alley behind Javon's house. *State's Ex. 123* at 157. Jasmine drove around to the front of Javon's residence and parked so Jones could go to the front door. *Supp. Tr.* at 138; *State's Ex. 123* at 157.

[4] Jones knocked on the front door and was let into the house by Javon. *Supp. Tr.* at 138; *State's Ex. 123* at 157, 170. Jones asked for a glass of water and went to the kitchen, where he unlocked the door to allow Jackson in through the back door. *Supp. Tr.* at 138; *State's Ex. 123* at 157, 170-71. Jackson entered and opened fire killing Javon and his two sons, 12-year-old J.B.1 and 11-year-old J.B.2, who were present at the home. *Supp. Tr.* at 25-26, 123-26, 138; *State's Ex. 123* at 157, 170-71. Jones stole an "assault-style rifle," a handgun, and a Michael Kors bag before fleeing Javon's residence. *Supp. Tr.* at 84, 101-02, 138-39; *State's Ex. 123* at 157. Afterwards, Jones and Jasmine returned to Jasmine's residence and burned their clothes in a burn barrel in the backyard. *Supp. Tr.* at 139; *State's Ex. 123* at 175. Jones also cut off his dreadlocks. *Supp. Tr.* at 139; *State's Ex. 113-15, 123* at 180.

[5] Javon's mother arrived at his residence around 1:00 p.m. to pick up J.B.1 and J.B.2. *Supp. Tr.* at 27-28. When she entered the residence, it was dark inside, and she noticed Javon on the couch and J.B.1 and J.B.2 huddled together in the chair in the living room. *Id*. at 29-30, 98. She thought that they were asleep, so she attempted to wake them up. *Id*. at 29. A handyman who had arrived to work on Javon's bathroom entered the living room and turned on the lights. *Id*.

Javon's mother noticed the boys were not breathing and called 911. *Id*. at 29-30.

[6]     Jones was later arrested, and on January 28, 2019, the State charged him with three counts of felony murder, armed robbery, and conspiracy to commit armed robbery. *Id*. at 93; *Appellant's App. Vol. 2* at 7-10, 20. Jones was tried in a bench trial, and the trial court found him guilty on all charges but vacated the armed robbery conviction due to double-jeopardy concerns. *Tr. Vol. 2* at 20; *Supp. Tr.* at 158; *Appellant's App. Vol. 2* at 46-47. At the sentencing hearing, the trial court found as aggravating factors Jones's criminal history and the fact that prior attempts at rehabilitation had failed, one of the murders was committed in the presence of children, one of the victims was less than twelve years old, and Jones was on parole at the time he committed the present crimes. *Tr. Vol. 2* at 20; *Appellant's App. Vol. 2* at 46-47. The trial court found no mitigating factors. *Tr. Vol. 2* at 20; *Appellant's App. Vol. 2* at 47. The trial court imposed consecutive sentences of sixty-five years each on the three murder convictions and a concurrent sentence of fifteen years on the conspiracy to commit armed robbery conviction, which resulted in an aggregate sentence of 195 years executed. *Tr. Vol. 2* at 21; *Appellant's App. Vol. 2* at 47. Jones now appeals.

## Discussion and Decision

[7]     Sentencing determinations are within the trial court's discretion and will be reversed only for an abuse of discretion. *Harris v. State*, 964 N.E.2d 920, 926 (Ind. Ct. App. 2012), *trans. denied*. An abuse of discretion occurs if the decision

is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Gross v. State*, 22 N.E.3d 863, 869 (Ind. Ct. App. 2014), *trans. denied*. A trial court abuses its discretion if it: (1) fails "to enter a sentencing statement at all"; (2) enters "a sentencing statement that explains reasons for imposing a sentence -- including a finding of aggravating and mitigating factors if any -- but the record does not support the reasons"; (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration"; or (4) considers reasons that "are improper as a matter of law." *Anglemyer v. State,* 868 N.E.2d 482, 490-91 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007). If the trial court has abused its discretion, we will remand for resentencing "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.* at 491. The relative weight or value assignable to reasons properly found, or those which should have been found, is not subject to review for abuse of discretion. *Id.* The decision to impose consecutive sentences lies within the discretion of the trial court. *Gross*, 22 N.E.3d at 869 (citing *Gilliam v. State,* 901 N.E.2d 72, 74 (Ind. Ct. App. 2009)). A trial court is required to state its reasons for imposing consecutive sentences or enhanced terms. *Id.* A single aggravating circumstance may be sufficient to support the imposition of consecutive sentences. *Id.*

[8]     Jones argues that the trial court abused its discretion in sentencing him by imposing consecutive sentences. Specifically, he contends that the trial court

abused its discretion because, although it listed aggravating circumstances, it failed to articulate how it applied those circumstances to both enhance Jones's sentence and to impose consecutive sentences. Jones, therefore, asserts that we should remand the case to the trial court to correct the deficiency.

[9] We disagree. The trial court found several aggravating circumstances that could support enhanced and consecutive sentences, and Jones does not challenge the validity of any of these aggravating circumstances. The evidence showed that Jones had a substantial criminal history and lesser, prior attempts at rehabilitation had failed, that one of the murders was committed in the presence of children, that one of the victims was less than twelve years old, and that Jones was on parole at the time he committed the present offenses. *Tr. Vol. 2* at 20; *Appellant's App. Vol. 2* at 46-47. A trial court may rely on the same factors to enhance a sentence and to impose consecutive sentences. *Reed v. State*, 856 N.E.2d 1189, 1199 (Ind. 2006); *Gilliam*, 901 N.E.2d at 74. Additionally, the fact of multiple crimes or victims constitutes a valid aggravating circumstance that justifies consecutive sentences. *McBride v. State*, 992 N.E.2d 912, 920 (Ind. Ct. App. 2013) (citing *O'Connell v. State*, 742 N.E.2d 943, 952 (Ind. 2001)), *trans. denied*. Here, the trial court found multiple valid aggravating circumstances to support enhancing Jones's sentence, and his crimes involved multiple victims. These aggravating circumstances were sufficient to both enhance his sentence and to justify consecutive sentences. We, therefore, conclude that the trial court did not abuse its discretion when it imposed enhanced, consecutive sentences.

Affirmed.

Bradford, C.J., and May, J., concur.