# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 21 2017, 8:27 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Marielena Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Francisco Esparza-Hernandez, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 21, 2017 <br><br> Court of Appeals Cause No. 20A03-1605-CR-1095 <br><br> Appeal from the Elkhart Superior Court <br><br> The Honorable Teresa L. Cataldo, Judge <br><br> Trial Court Cause No. 20D03-1411-FA-25 |

**Riley, Judge.**

# STATEMENT OF THE CASE

[1] Appellant-Defendant, Francisco Hernandez (Hernandez), appeals his sentence for Count I, child molesting, a Class A felony, Ind. Code § 35-42-4-3(a)(1) (2012); and Count II, sexual misconduct with a minor, a Class B felony, I.C. § 35-42-4-9(a)(1) (2012).

[2] We affirm.

# ISSUE

[3] Hernandez raises one issue on appeal, which we restate as: Whether Hernandez's sentence is inappropriate in light of the nature of his offenses and his character.

# FACTS AND PROCEDURAL HISTORY

[4] Between 2008 and 2009, Hernandez, was living in Jonesboro, Georgia, with his then-wife, D.E., and D.E.'s children, including eight-year-old I.O. Hernandez was I.O.'s step-father. During that time, Hernandez began touching I.O.'s "butt" with his hand and "his hand would then move to the front of her body (her vagina)." (Appellant's App. Vol. III, p. 17). In March 2011, D.E. and her children, including I.O., relocated from Jonesboro, Georgia, to Elkhart, Indiana. In the spring of 2012, Hernandez joined the family in Elkhart. According to I.O., Hernandez would rub his penis on her "butt" and he eventually, on more than one occasion, began penetrating her anus with his penis either in I.O.'s bedroom or in D.E.'s bedroom. I.O. reported to D.E. that

Hernandez had penetrated her, and sometime in April 2012, D.E. took I.O to the hospital to be checked for "vaginal penetration." (Appellant's App. Vol III, p. 17). The medical exam revealed that I.O.'s vagina had not been penetrated, so D.E. disbelieved I.O.'s allegations against Hernandez.

[5] On October 28, 2013, D.E. kicked Hernandez out of her apartment due to a battery incident, which was not reported to the police. Thereafter, Hernandez moved to Texas but still maintained phone contact with the family. In February 2014, I.O. reported to D.E. that Hernandez had threatened her and further indicated that he had sex with her in the past. Again, D.E. did not believe I.O.'s claims, until she overheard a phone conversation, in which Hernandez told I.O. that he was not trying to hurt her, "he was sticking it in real slow." (Appellant's App. Vol. III p. 17). At an interview conducted at the Child Family Advocacy Center in Elkhart, I.O. reiterated Hernandez's molestations against her while living in Jonesboro, Georgia, and in Elkhart, Indiana. With regards to the incidents in Elkhart, I.O. indicated that Hernandez would "rub the 'front' part of his body (his penis) on her butt." (Appellant's App. Vol. III, p. 18). I.O. recounted that Hernandez progressed from touching her buttocks with his penis to inserting his penis inside her anus. I.O. indicated that Hernandez would ejaculate "inside of her and she would go to the bathroom to wash off." (Appellant's App. Vol. III, p. 18). I.O. stated that the molestations happened on more than one occasion, sometimes in her bedroom or in D.E.'s and Hernandez's bedroom.

[6] On September 15, 2014, during a recorded phone call under the direction of a law enforcement officer from Elkhart Police Department, D.E. asked Hernandez "why did he fuck I.O.? [Hernandez] replied that he didn't want to, it was [I.O.'s] idea." (Appellant's App. Vol. III, p. 18). D.E. then convinced Hernandez that she would leave her children and move to Mexico with him if he returned to Elkhart to help her move. On November 15, 2014, Hernandez took a Greyhound bus from Dallas, Texas, and he arrived in Elkhart, Indiana, the following day. At approximately 11:20 a.m., law enforcement officers from the Elkhart Police Department initiated a traffic stop, and after D.E. identified Hernandez, he was arrested.

[7] On November 19, 2014, the State filed an Information, charging Hernandez with Class A felony child molesting and Class B felony sexual misconduct with a minor. On January 28, 2016, just days before his jury trial was set to begin, Hernandez pled guilty to both Counts. At the change of plea hearing, Hernandez admitted that he had anal sex with his step-daughter, I.O., both before and after she turned fourteen years old, between January 2012 and October 2013. On April 14, 2016, the trial court conducted Hernandez's sentencing hearing. At the close of the evidence, the trial court sentenced Hernandez to consecutive sentences of forty-five years for Class A felony child molesting, and fifteen years for Class B felony sexual misconduct with a minor. Hernandez's aggregate sentence is sixty years.

[8] Hernandez now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

[9] Hernandez contends that his sixty-year aggregate sentence is inappropriate in light of the nature of the offenses and his character. Indiana Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). "Ultimately the length of the aggregate sentence and how it is to be served are the issues that matter." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Whether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other considerations that come to light in a given case. *Id*.

[10] The advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Abbott v. State*, 961 N.E.2d 1016, 1019 (Ind. 2012). At the time Hernandez committed his Class A felony child molesting offense, his offense was punishable by a maximum of fifty years, with a minimum of twenty years, and an advisory sentence of thirty years. I.C. § 35-50-2-4 (2012). Hernandez received a forty-five-year sentence. As for his Class B felony sexual misconduct with a minor, Hernandez faced an imprisonment term of six to twenty years, with an advisory term of ten years. I.C. § 35-50-2-5 (2012). Hernandez was sentenced to fifteen years, and the trial court ordered

that both sentences be served consecutively, for an aggregate sentence of sixty years.

[11]     In the instant case, Hernandez began molesting his stepdaughter I.O. at the age of eight, long before he was charged with the instant offenses. In 2012, after Hernandez moved in with his family, he began touching I.O.'s buttocks with his penis and he progressed to penetrating her anus with his penis. When I.O. mustered the courage to report the abuse to her mother, D.E., regrettably believed Hernandez's denial of I.O.'s allegations because D.E. loved and trusted Hernandez. D.E. only believed I.O.'s claims after she overheard a phone conversation between Hernandez and I.O. where Hernandez stated that he was not trying to hurt I.O., he was "sticking it in real slow." (Appellant's App. Vol. III, p. 17).

[12]     We find that Hernandez grossly abused his position of trust over his stepdaughter I.O. when he began inappropriately touching her at just eight years old, long before he was charged with the current offenses. Hernandez deplorable behavior escalated in 2012 when he penetrated I.O.'s anus with his penis on multiple occasions, both before and after she had turned fourteen years old. What is even more despicable is that when D.E. confronted Hernandez, he defended himself by stating that it was I.O.'s idea. Moreover, Hernandez inflicted severe emotional harm upon I.O. At the sentencing hearing, D.E. testified on I.O.'s behalf because I.O. was too traumatized to face Hernandez, and she indicated that she and I.O were receiving counseling as a result of Hernandez's crimes.

[13] Hernandez's character likewise provides us no reason to revise his sentence. Hernandez's contention on appeal is that his minimal criminal history does not rationalize his sixty-year sentence. Hernandez's criminal history includes two misdemeanor battery convictions. Notwithstanding his proposition that his minimal criminal history should permit the modification of his sixty-year sentence, Hernandez's argument disregards the copious amount of evidence relating to his bad character. We initially note that Hernandez was born in Mexico, and he illegally entered the United States when he was sixteen years old. The record further shows that Hernandez was deported but that did not deter him from illegally reentering the country. The fact that Hernandez is in the country illegally illustrates his disrespect for the laws of this state and country. *See Sanchez v. State*, 891 N.E.2d 174, 176-77 (Ind. Ct. App. 2008) (illegal alien status reflects disregard for the law). Moreover, Hernandez violated a position of trust with a child who considered him to be a stepfather. Hernandez's acts of victimizing a young child over whom he had a position of trust also reflects poorly on his character.

[14] Hernandez nevertheless contends his consecutive sentences are inappropriate. The decision to impose consecutive sentences lies within the discretion of the trial court. *Gross v. State*, 22 N.E.3d 863, 869 (Ind. Ct. App. 2014), *trans. denied.* A trial court is required to state its reasons for imposing consecutive sentences. *Id*. Moreover, a single aggravating circumstance may justify the imposition of consecutive sentences. *Gilliam v. State*, 901 N.E.2d 72, 74 (Ind. Ct. App. 2009). Here, the trial court found not just one, but a number of aggravating

circumstances, including that Hernandez is in the country illegally and re-entered illegally after deportation; Hernandez's prior battery conviction was directed at D.E., and I.O. witnessed the battery; Hernandez had care, custody and control over I.O. when he repeatedly molested her. As such, we find that the trial court identified ample aggravating circumstances to support imposition of consecutive sentences. *See Smith v. State*, 889 N.E.2d 261 (Ind. 2008) (noting that the defendant's repeated molestations of his stepdaughter, together with his violation of his position of trust and his infliction of psychological abuse, warranted a sentence on one of the counts of child molesting being imposed consecutive to one of the other counts, resulting in a total executed sentence of sixty years).

[15] In sum, we conclude that Hernandez's aggregate sixty-year sentence is not inappropriate in light of the nature of the offenses and his character.

# CONCLUSION

[16] Based on the foregoing, we conclude that Hernandez's sixty-year sentence is appropriate in light of the offenses and his character.

[17] Affirmed.

[18] Crone, J. and Altice, J. concur